580 P.2d 722

The STATE of Arizona ex rel. Charles F. HYDER, Maricopa County Attorney, Petitioner,

v.

The Honorable Ed W. HUGHES, Judge of the Maricopa County Superior Court, and Willie J. SOLOMAN, Jr., real party in interest, Respondents.

No. 13633.

Supreme Court of Arizona, In Banc.

June 27, 1978.

Charles F. Hyder, Maricopa County Atty., by Lyn D. Kane, Deputy County Atty., Phoenix, for petitioner.

E. Reid Southern by Michael A. Mulhall, Phoenix, for respondent Soloman.

STRUCKMEYER, Vice Chief Justice.

This special action was brought to test the dismissal of an information charging respondent, Willie J. Soloman, Jr., with first degree rape while armed with a knife, a violation of A.R.S. §§ 13–611 and 13–614(C). Petitioner also asks that the trial court's order granting the respondent's motion *in limine* be vacated. We accepted jurisdiction pursuant to the Rules of Procedure for Special Actions, 17A A.R.S. Orders of dismissal and *in limine* vacated.

On the morning of September 23, 1976, two men, one armed with a knife, entered the apartment of Eva Macias, raped her and took certain articles of personal property from her apartment. The two men were arrested at their place of residence. The police seized (1) a pair of tire-tread sandals belonging to respondent, (2) a knife which the victim identified as being similar to that used by her assailant, (3) items of food believed to have been taken from the victim's apartment, (4) clothing which it was believed the victim and Soloman had worn at the time of the offense, and (5) a bedspread which belonged to the victim. The clothing included Soloman's bloodstained undershorts. Chemical analysis established

the bloodstains as being caused by menstrual blood.[1]

Soloman pled guilty to a charge of first degree rape while armed with a knife, but upon receiving a minimum sentence of thirty years, appealed raising an issue as to whether he had been sufficiently informed of the special conditions of sentencing. We remanded to the trial court to determine whether the guilty plea had been intelligently made. *State v. Soloman,* 117 Ariz. 228, 571 P.2d 1024 (1977). On remand, the Superior Court found that Soloman's plea was not intelligently made. The judgment of conviction and plea of guilty were set aside, and the original charges were reinstated.

Thereafter, respondent's trial was set for February 17, 1978. The day before trial, February 16, 1978, the State discovered that the police had disposed of the physical evidence which had previously been seized as material to respondent's guilt. After sentencing on respondent's plea of guilty and before time for appeal had expired, a routine letter was sent by the County Attorney advising the police department that the prosecution no longer had any interest in the property which it was holding in Soloman's case. The sandals, the knife, clothing of both the victim and respondent, food items, and photographs of footprints were either destroyed or sold at auction.

We think that at this point it is appropriate to observe that, other than to question the jurisdiction of this Court, Soloman has not responded with a memorandum of points addressed to the merits of the case. He has, however, submitted as exhibits attached to his response copies of his motion *in limine* and motion to dismiss filed in the Superior Court. It appears from these that on February 17, 1978, the day the trial was to begin, counsel for Soloman first learned that all the physical evidence, with the exception of a fingerprint, had been destroyed.

The State's petition asserts that defense counsel was notified before the trial commenced on the afternoon of the 17th, before selecting a jury. Counsel for respondent at that time said that he wished to file certain unspecified motions on Tuesday, February 21, 1978. Defense counsel filed a motion *in limine* at 10:00 a. m. on February 21. The motion was to suppress all reference in the form of testimony or otherwise to relevant evidence which was destroyed by the State. The motion was granted except as to evidence concerning the knife, upon which the court reserved its ruling. Counsel for respondent then advised the court that he also intended to file a motion to dismiss. The trial was continued until 9:30 a. m. on February 23 to allow time to prepare the necessary motion and memoranda. On February 23, after arguments on the motion to dismiss, the court announced that it would grant the motion, but would allow time for the State to apply for a writ in this Court. This special action was filed on February 24, and a stay was issued at that time prohibiting any further action by the Superior Court until determination of the application.

In the lower court, it was the respondent's position on his motion to dismiss "that the loss and suppression of this evidence by the State has violated his right to due process by forever depriving him of the opportunity to a fair and just trial in which damaging and exculpatory evidence alike could be considered by a jury." His legal position is principally an argument predicated on this often quoted language of the Supreme Court of the United States to be found in *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963):

> "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

It should immediately be said that this is in no sense a case of discovery—one in which evidence possibly favorable to the

---

1. The victim of the offenses was reputedly menstruating at the time of the offense.

accused has been withheld from him. This is a case in which the question is whether the inadvertent loss of relevant evidence which might speculatively be of some assistance to the defense mandates dismissal. We do not think it does.

Present counsel has represented the respondent almost from the time of his arrest on the charge of first degree rape. In the appeal to this Court after Soloman's plea of guilty, the record shows that the County Attorney mailed a copy of a "Notice of Disclosure" to his attorney, which read in part:

"This letter is to confirm with you as attorney of record that pursuant to Rule 15 the material and information to be disclosed by the State of Arizona is ready for inspection and may be examined and reproduced at the Maricopa County Attorney's Office (101 West Jefferson, Phoenix, Arizona) now.

Please telephone me at 262–3481 to make arrangements regarding this 'discovery' meeting."[2]

We cannot say at this point in the proceedings that respondent has been prejudiced by the loss of evidence. We so conclude because counsel had the opportunity to fully discover the nature and strength of the prosecution's evidence and has failed to state either in oral arguments or memoranda in this Court how the lost evidence might be exculpatory or how he would be prejudiced by the failure to produce it at trial. Moreover, there is an inference that respondent knew of the improbability of a successful defense before a jury, else he would not have entered a plea of guilty.

Indeed, since counsel did not make an examination of the physical evidence after the reversal and prior to the day of trial, there is an intimation that the lost evidence was not considered exculpatory.

■ A few years after *Brady v. Maryland, supra,* the Supreme Court of the United States announced its decision in *United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1968). There, Augenblick, a former member of the armed services, was convicted by court-martial of an offense and dismissed from the service. He brought suit in the United States Court of Claims to recover back pay, urging that a tape recording of his conversation with armed forces police had not been produced at his court-marital. Justice Douglas, who also authored the opinion in *Brady v. Maryland, supra,* found that a denial of discovery which did not seriously impede Augenblick's right to a fair trial was not a violation of the due process clause of the Constitution. We think the principle is plain that from the nonproduction of evidence alone there will not be presumed a denial of due process.

The United States Court of Appeals for the District of Columbia Circuit, *United States v. Bryant,* 142 U.S.App.D.C. 132, 141, 439 F.2d 642, 651 (1971), after extensively analyzing Augenblick, came to this conclusion:

"*Augenblick* not only makes clear that the circumstances of the tape's disappearance in these cases should be relevant to the question of proper sanctions. It also suggests that, while sanctions should be imposed in cases of bad faith suppression

---

2. Rule 15.1 Rules of Criminal Procedure, requires mandatory disclosures by the State. No later than ten days after the arraignment in the Superior Court, the prosecutor shall make available to defendant for examination and reproduction, among others, the following:

"(1) The names and addresses of all persons whom the prosecutor will call as witnesses in the case-in-chief together with their relevant written or recorded statements;

\* \* \* \* \* \*

(3) The names and addresses of experts who have personally examined a defendant or any evidence in the particular case, to-

gether with the results of physical examinations and of scientific tests, experiments or comparisons, including all written reports or statements made by them in connection with the particular case;

(4) A list of all papers, documents, photographs or tangible objects which the prosecutor will use at trial or which were obtained from or purportedly belong to defendant;

\* \* \* \* \* \*

(7) All material or information which tends to mitigate or negate the defendant's guilt as to the offense charged, or which would tend to reduce his punishment therefor, \* \* \*."

of evidence, an exception will be made for good faith loss."

And see also *People v. Hitch*, 12 Cal.3d 641, 117 Cal.Rptr. 9, 527 P.2d 361 (1974).

In *United States v. Heiden and Klein*, 508 F.2d 898 (9th Cir. 1974), Klein urged as a ground for reversal of his criminal conviction the destruction and loss by the government before trial of certain items of evidence. The government established that because of contraband storage problems in the Southern District of California, the Chief Judge ordered all but 24 kilo packages of a large marijuana seizure destroyed. Also missing was a report listing the names of certain individuals arrested for contraband offenses which the government had been ordered to prepare. It was held:

> "When there is loss or destruction of such evidence, we will reverse a defendant's conviction if he can show (1) bad faith or connivance on the part of the government or (2) that he was prejudiced by the loss of the evidence. *See United States v. Henry*, 487 F.2d 912 (9th Cir. 1973)." 508 F.2d at 902.

And compare *State v. Schreiber*, 115 Ariz. 555, 566 P.2d 1031 (1977) and *State v. Fowler*, 101 Ariz. 561, 422 P.2d 125 (1967), where this Court reversed judgments of guilt because there was bad faith or connivance and the defendants were prejudiced by the loss of the evidence. Compare also *State v. Maloney*, 105 Ariz. 348, 464 P.2d 793 (1970), where we said that there is no compulsion on the prosecution to call any particular witness or to make any particular test so long as there is fairly presented the material evidence bearing upon the charge for which the defendant is on trial. We think that where evidence has been lost or destroyed by the prosecution, lacking a clear showing of prejudice an accused is protected by giving an instruction similar to that found appropriate in *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964). There, we said:

> "Had the instruction been given, the jury would have been in the position of weighing the explanation and, if they believed it was not adequate, an inference unfavorable to the prosecution could have been drawn. *This in itself could create a reasonable doubt as to the defendant's guilt*."

We therefore hold that where, as here, a defendant has had the opportunity to inspect the evidence, there is no bad faith or connivance on the part of the State and it does not appear that a defendant has been prejudiced by the loss of evidence, there is no compelling reason to either dismiss the charge or charges against him or to suppress any reference to otherwise competent evidence. If prejudice is claimed after a trial and conviction, it will then become the court's duty to look at the circumstances of the case, *State v. McCumber*, 119 Ariz. 516, 582 P.2d 162 (opinion filed June 9, 1978), and determine the fairness thereof.

The Superior Court erred in granting the respondent's motion to limit the evidence and in ordering the information dismissed. Accordingly, it is ordered that the Superior Court be prohibited from dismissing Criminal Cause No. 94768 and that it proceed expeditiously to trial consistent with this opinion.

CAMERON, C. J., and HAYS, HOLOHAN, and GORDON, JJ., concurring.