583 P.2d 888

STATE of Arizona, Petitioner,

v.

The Honorable J. Richard HANNAH, Judge of the Superior Court of Pima County, State of Arizona, Respondent,

and

Moshen FARHANG, Real Party in Interest.

No. 13737–PR.

Supreme Court of Arizona, In Banc.

June 27, 1978.

Rehearing Denied Sept. 7, 1978.

Stephen D. Neely, Pima County Atty. by Paul S. Banales, Deputy County Atty., Tucson, for petitioner.

Hirsh & Shiner by Robert J. Hirsh, Tucson, for respondent Farhang.

STRUCKMEYER, Vice Chief Justice.

This matter arises out of a special action filed in the Court of Appeals, Division Two, seeking to set aside three orders of respondent Judge, J. Richard Hannah; the first, an order dismissing Count One of a criminal indictment against respondent, Moshen Farhang, real party in interest; the second, an order vacating the denial of a motion for a continuance; and the third, an order vacating an order dismissing Count Two of the indictment.

Farhang was indicted for arson, second degree, Count One, and filing a fraudulent insurance claim, Count Two. The charges stemmed from a fire in a Tucson, Arizona bar on October 15, 1976. Certain items were seized by the Tucson Police Department at the scene of the fire and placed in the custody of its property department. No request was made by Farhang for an examination of the seized items until shortly before the trial in October of 1977. At that time, Farhang requested that the seized items be produced for examination by defense experts. It was then found that the seized property had been inadvertently destroyed at the direction of a property review panel composed of three officers of the police department.

In the Superior Court, Farhang filed a motion to dismiss Count One based upon denial of due process because the destruction of the evidence deprived him of the right to an independent examination from which exculpatory evidence might be obtained. The Superior Court granted the motion to dismiss. The State then sought a continuation of the trial on Count Two, the fraudulent insurance claim, for the reason it was appealing the dismissal of the arson charge. When this motion was denied, the State moved to dismiss Count Two without prejudice because the two charges were so interrelated that it would be prejudicial to it if required to go to trial on Count Two alone. The Superior Court dismissed Count Two, but dismissed it with prejudice. This special action was filed in the Court of Appeals, Division Two. Jurisdiction was declined, and a petition for review was filed

in this Court. We accepted jurisdiction, as we were then considering Cause No. 13633, *State v. Hughes* and Willie J. Soloman, Jr., 119 Ariz. 261, 580 P.2d 722 (1978), which had a similar problem.

Cause No. 13633 was decided by opinion on June 27, 1978. We concluded that where there has been a loss or destruction of evidence we would reverse a defendant's criminal conviction if (1) bad faith or connivance on the part of the State can be shown or (2) a defendant was prejudiced by loss of evidence, and we held:

> " * * * that where evidence has been lost or destroyed by the prosecution, lacking a clear showing of prejudice, an accused is protected by giving an instruction similar to that found appropriate in *State v. Willits,* 96 Ariz. 184, 393 P.2d 274 (1964). There, we said:
>
>> 'Had the instruction been given, the jury would have been in the position of weighing the explanation and, if they believed it was not adequate, an inference unfavorable to the prosecution could have been drawn. *This in itself could create a reasonable doubt as to the defendant's guilt.*' "

In the present case, we think Farhang has been so seriously prejudiced by the loss of evidence that he has been denied due process and that the giving of a *Willits* instruction will not assure him a fair trial.

The testimony of Detective Dave Smith of the Tucson Police Department at an evidentiary hearing established that no attempt was made by the police to examine for fingerprints the water heater flex pipe and connecting pipe which had been seized as evidence. It was conceded that fingerprints could have been lifted off the pipes, if present. The same was true as to two plastic gas caps which were found in the parking area near the burned building.

Because tests were not made which could have been made, and because it cannot now be determined whether exculpatory evidence would have been developed, we think the trial court could conclude that Farhang

had been denied due process by the negligent destruction of the seized evidence.

Petition for relief denied.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.