600 P.2d 1129

The STATE of Arizona, Appellee,

v.

Elaine Elizabeth CRUZ, Appellant.

No. 2 CA–CR 1737–3.

Court of Appeals of Arizona,
Division 2.

July 20, 1979.

Rehearing Denied Sept. 5, 1979.

Review Denied Oct. 2, 1979.

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Charles L. Weninger, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by the trial court sitting without a jury of unlawful possession of dangerous drugs, a misdemeanor, and sentenced to six months in the Pima County Jail.

This case is before us for a second time. In a memorandum decision we held that appellant's submission of the case to the trial court on the record was tantamount to a guilty plea [1] and remanded the case to the trial court for a finding of whether she understood the rights she was waiving by this submission. The trial court found that she did not and ordered a new trial. In so doing, the trial court reinstated a charge of possession of a stolen motor vehicle which had been dismissed by stipulation prior to the first submission of the case to the court. After an appropriate determination under State v. Crowley, supra, the case was again submitted to the trial court upon stipulation of counsel.

Appellant contends the trial court erred in (1) reinstating the motor vehicle charge, (2) trying her for possession of dangerous drugs, a felony, (3) giving her a more severe sentence that she had received the first time, and (4) failing to grant her motion to dismiss based upon the state's destruction of evidence. We affirm.

Any error in reinstating the charge of possession of a stolen motor vehicle was eliminated when the trial court dismissed the charge.

Since the trial court found her guilty of a misdemeanor, she has shown no prejudice from the reinstatement of the narcotics charge in its original form, a felony.

---

1. See State v. Crowley, 111 Ariz. 308, 528 P.2d 834 (1974).

Appellant was originally given a one-year suspended sentence with three months in the Pima County Jail. This time she was sentenced to six months. When a trial judge imposes a longer sentence after a new trial, the reason for his doing so must affirmatively appear. It must be based upon objective information concerning conduct on the part of the defendant occurring after the original sentencing proceeding and the facts and data upon which the increased sentence is based must be made part of the record so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *State v. Kennedy,* 106 Ariz. 190, 472 P.2d 59 (1970). A trial judge is not constitutionally precluded from imposing a new sentence whether greater or less than the original sentence in the light of events subsequent to the first trial that provide new insight into the defendant's life, health, habits, conduct and mental and moral propensities. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly other sources. *North Carolina v. Pearce,* supra.

Rule 26.14, Arizona Rules of Criminal Procedure, 17 A.R.S. embodies the standards for resentencing adopted by the Supreme Court in *North Carolina v. Pearce,* supra.

"Where a judgment or sentence, or both, have been set aside on appeal . . the court may not impose a sentence for the same offense, or a different offense based on the same conduct, which is more severe than the prior sentence unless it concludes, on the basis of evidence concerning conduct by the defendant occurring after the original sentencing procedure, that the prior sentence is inappropriate."

First of all, we reject the state's argument that since the judge who sentenced appellant the second time, was not the same one who sentenced her the first time, it is conclusively shown that there was no violation of the rule in *North Carolina v. Pearce,* supra. Had the second judge not known of the sentence which appellant received the first time, then it could be argued that *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), would apply. But here, it is clear that the addendum to the original presentence report which the judge saw, sets forth appellant's original sentence. However, it is also clear from the record that the trial court did comply with *North Carolina v. Pearce,* supra. The addendum to the probation report pointed out that appellant had been arrested again less than three weeks after her original sentencing for failure to pay a fine in another case. It then went on to describe her disobedience of court orders, alcohol abuse, failure to obtain employment, and failure to attend the GED classes arranged for her. It concluded:

"The defendant's behavior after her initial sentencing, a lack of identifiable productive behavior since that time, and her apparent lack of motivation to help herself by furthering her education as evidenced by her non-participation in scheduled activities, are all factors which may suggest that the defendant is unwilling to help herself in many respects, much less follow the orders of the Court. They further indicate that the defendant will probably have difficulty complying with the requirements of a period of probation, given her history of behavior, despite what 'lip service' she may provide concerning her future cooperation."

Judge Arnold specifically stated prior to sentencing appellant:

"You see, the probation officer's report indicates that you failed to report, that she really doesn't respond to probation. This is the only problem, you see. And the probation officer is so burdened anyway I don't think with the type of offense it is I don't think I'm going to—I think we will just impose a sentence that she can complete and it will be done with and if she learns a lesson from it, fine, and then that is great. But I just don't think that supervised probation is going to help her one way or the other."

The dangerous drug which appellant was charged with was Phenobarbital. Prior to her retrial after remand, appellant submitted a written request to see and examine the tablets which the state had tested and alleged to be Phenobarbital. The state could not produce the tablets since they had been destroyed by the state during the pendency of appellant's first appeal. Appellant moved prior to submitting the case for a dismissal due to the destruction of this evidence. The trial court denied the motion. The lab report concerning the testing of the tablets was available. The pills had been forwarded to the crime lab in Phoenix and had been retained there after analysis. Some six months after the arresting officer received the standard form from the lab inquiring as to the status of the case, he called the county attorney's office. He was erroneously told that appellant had entered a guilty plea and that the evidence could therefore be destroyed. This information was passed on to Phoenix and the Phoenix lab made no inquiry of the prosecuting or defense attorneys to ensure that the evidence could in fact be destroyed. The actual destruction of the pills was done on the authority of an order by a superior court judge in Maricopa County. Appellant concedes that there was no bad faith connected with the destruction of the evidence but contends her constitutional right to confrontation of witnesses and due process were nevertheless violated when the court refused to dismiss the charges. We do not agree.

■ There is no violation of the right to confrontation when a person who analyzes evidence which is later lost is available for full cross-examination about his analysis. *United States v. Herndon,* 536 F.2d 1027 (5th Cir. 1976); *United States v. Sewar,* 468 F.2d 236 (9th Cir. 1972), cert. den. 410 U.S. 916, 93 S.Ct. 972, 35 L.Ed.2d 278 (1973); *United States v. Brumley,* 466 F.2d 911 (10th Cir. 1972), cert. den. 412 U.S. 929, 93 S.Ct. 2755, 37 L.Ed.2d 156 (1973); *State v.*

*Burns,* 173 Conn. 317, 377 A.2d 1082 (1977); *People v. Brown,* 574 P.2d 92 (Colo.1978); *People v. Eddington,* 53 Mich.App. 200, 218 N.W.2d 831 (1974); *People v. Triplett,* 68 Mich.App. 531, 243 N.W.2d 665 (1976).

■ When evidence in a criminal case is destroyed, special scrutiny must be undertaken to ascertain whether defendant's right to due process has been violated. A three-pronged examination is in order: First, was the evidence material to the question of guilt or the degree of punishment; second, was the defendant prejudiced by its destruction; and third, was the government acting in good faith when it destroyed the evidence? *United States v. Picariello,* 568 F.2d 222 (1st Cir. 1978); *State v. Hannah,* 120 Ariz. 1, 583 P.2d 888 (1978).[2]

■ There is no issue of bad faith here. As for materiality and prejudice, we note that appellant never requested to inspect the tablets until the case was remanded for a new trial. She never contested the fact that the tablets were Phenobarbital. Instead, as in the first case, the second one was submitted to the trial court upon the record which contained, inter alia, the lab report on the Phenobarbital tablets which appellant specifically stipulated the trial court could consider. Appellant's new trial was, like her first trial, tantamount to a guilty plea. She has not suggested how she was prejudiced by the failure of the state to produce the tablets and we are unable to discern any prejudice in the record.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

2.  The *Hannah* case only mentions bad faith and prejudice but inherent in the question of prejudice is the fact that the evidence in question must have been material to the issue of guilt or the degree of punishment.