648 P.2d 616

STATE of Arizona, Appellant,

v.

Robert Braxton HYDE, James Paul Grafton, aka Robert James Golding, and David Paul Deselms, Appellees.

No. 1 CA–CR 5236.

Court of Appeals of Arizona, Division 1, Department A.

April 22, 1982.

Rehearing Denied June 22, 1982.

Review Denied July 13, 1982.

Thomas E. Collins, Maricopa County Atty. by John Wilkinson, Deputy County Atty., Phoenix, for appellant.

Jacobs & Curtis, P.C. by Lance F. Jacobs, David W. Curtis, Phoenix, for appellees.

## OPINION

FROEB, Judge.

The defendants were charged with criminal damage, a class five felony,[1] for recklessly throwing plastic bags of sulphuric acid onto the premises of Payless Lumber Company. The acid was thrown at several lumber and warehouse sheds being constructed for Payless by Colton Building Systems, a Phoenix-based company. Stacked along the fence surrounding the construction site were primed steel construction beams and surface panels intended for use in the construction of the sheds. The beams were from 6 to 25 feet long, stacked 20 to 30 per bundle. Some of the acid splattered over the stacked beams, causing blistering and discoloration.

On the night of the crime, the police took twenty photographs of the damaged materials. They also collected and impounded samples of the acid thrown, and the plastic bags which contained the acid. The police decided not to impound the damaged beams themselves, however, because they were large and would require specialized equipment to move and store.

On the morning following the crime, John Colton, an officer of Colton Building Systems, instructed his employees to wash off the acid and scrub the beams with wire brushes to remove the flaked and damaged primer coating. He then resumed construction with the repaired beams.[2] An account-

---

1. A.R.S. § 13–1602(B)(2) provides:

   Criminal damage is a class 5 felony if the person recklessly damages property of another in an amount of one thousand five hundred dollars or more but less than ten thousand dollars.

2. Colton's decision to repair the damaged beams rather than order new ones was prompt-

ing of the time and materials employed in the repair project was kept which showed cost of repair at $3,157.00.

The matter was set for trial on October 1, 1980. Following a period of active discovery and two trial continuances, the defendants filed a motion to dismiss, which was granted on February 27, 1981. Appellant, State of Arizona, filed a notice of appeal, bringing the matter before this court.

At the conclusion of the evidentiary hearing on the motion to dismiss, the court stated:

In this case the vital issue which determines the class of felony and the sentence or the class of the defense and the sentence which can be imposed is the value of the damage. The beams having been placed in the building without the defense having been given an opportunity to inspect them, test them, there is just no method by which the defense can obtain any evidence to present for the purpose of defending the case and submitting evidence to the jury of either the difference of the value of the beams before and after the incident or any other measure of what damages may have been, and that this is in fact so prejudicial to the defendants in this case that I think it would constitute a denial of due process on their part to have to go to trial without that ability.

IT IS ORDERED granting the defendants' motions to dismiss without prejudice to the State to refile either as a class six felony, if the State takes that position that that means the value of the property as opposed to amount of damage or certainly as a class two misdemeanor where the issue of the amount of the damage is not essential.

The leading case regarding suppression of evidence is *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In that case, the prosecution suppressed a con-

fession by Brady's co-defendant in Brady's separate trial. The Supreme Court stated:

We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.... A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant....

*Id.* at 87–88, 83 S.Ct. at 1196–97, 10 L.Ed.2d at 218–19. There is no *Brady* issue present here, however, as there is no contention that the prosecution suppressed any evidence.

Nevertheless, in *State v. Hannah*, 120 Ariz. 1, 583 P.2d 888 (1978), the Arizona Supreme Court upheld the dismissal of a felony charge upon the inadvertent destruction of evidence seized by the Tucson Police Department at the scene of the alleged arson. The factual question was identification of the defendant. The court determined that because the police made no attempt to examine the evidence for fingerprints, and because it could not be determined whether exculpating evidence would have been developed, the trial court could conclude that the defendant had been denied due process by the negligent destruction of the seized evidence. The court reiterated its holding in *State ex rel. Hyder v. Hughes*, 119 Ariz. 261, 580 P.2d 722 (1978):

We concluded that where there has been a loss of evidence or destruction of evidence we would reverse a defendant's criminal conviction if (1) bad faith or connivance on the part of the State can be shown or (2) a defendant was prejudiced by loss of evidence, ...

120 Ariz. at 2, 583 P.2d at 889.

The State first argues on appeal that this case should not have been dismissed because

---

ed partly by the "Penalty-Bonus" contract with Payless which provided for a $300 per day penalty if the construction was completed later than July 3, 1980, and a $200 per day bonus if

finished early. The beams had been made to specification for the Payless buildings. To order new ones would have been expensive and would have taken 4 to 6 weeks for delivery.

there was no State participation in the unavailability of the evidence. We need not address this issue, however, because it is clear that the basis for the dismissal was prejudice to the defendants, rather than any impropriety on the part of the State. During the hearing on the motion to dismiss, the court stated:

> The Court does not find the issue here is bad faith. The issue is prejudice, pure and simple. If there is prejudice to the defendant that is so substantial that he can not go forward with his case, then relief will be the relevant issue. The issue is solely prejudice....

The State next argues that the defendants were not prejudiced by their inability to examine the damaged beams because there is abundant secondary evidence to establish the amount of damage. Such evidence includes twenty color photographs, samples of the acid thrown, the testimonial evidence of John Colton as to the damage he observed to the beams just hours after the acid was thrown on them, and cost sheets reflecting the labor, materials, and supervision involved in actual repair of the damaged beams.

The defendants' response in support of the motion to dismiss is that the failure of the police to make an accurate record of the extent of the criminal damage allegedly caused by the defendants, coupled with their failure to impound and secure some portion of the alleged damaged materials for inspection and testing by the defendants, deprived the defendants of their due process right to a fair trial. The defendants argue that they are thereby precluded from offering evidence regarding the reasonable value of the alleged criminal damage, an essential element of the class five felony charge. Their argument continues that there is no evidence by which the exact degree of damage caused by the sulphuric acid may be determined.

■ The burden of proving damages sufficient to obtain a conviction for the class five felony charge against the defendants is on the State. The State is necessarily limited to the use of secondary evidence to prove the extent of damage. The defendants will have access to the same secondary evidence for purposes of refuting the extent of damages claimed by the State. Whether the evidence is sufficient to sustain a conviction is a matter which must await trial. If a sufficient prima facie case is made, the jury must determine whether the evidence offered by the State proves beyond a reasonable doubt that the damages exceeded $1,500.00. If the evidence is insufficient to prove the extent of damages exceeded $1,500.00, defendants cannot be convicted of a class five felony.

We therefore hold that the weakness or incompleteness of damage evidence does not bar proof or disproof of the amount of damage incurred in this case and does not warrant dismissal of the indictment prior to trial. By the same token, we intend no decision, one way or the other, as to whether the State's proof, when it is offered at trial, will constitute a sufficient prima facie case as to a class five felony justifying its submission to the jury.

Finally, in *State ex rel. Hyder v. Hughes, supra,* the Supreme Court of Arizona explained that in cases such as this, where a showing of prejudice is lacking, an accused is protected by giving a "Willits instruction" which provides:

> If you find that the plaintiff, the State of Arizona, has destroyed, caused to be destroyed, or allowed to be destroyed any evidence whose contents or quality are in issue, you may infer that the true fact is against their interest.

*State v. Willits,* 96 Ariz. 184, 187, 393 P.2d 274, 276 (1964). The giving of such instruction would place the jury

> in the position of weighing the explanation [for the unavailability of the evidence] and, if they believed it was not adequate, an inference unfavorable to the

prosecution could have been drawn. *This in itself could create a reasonable doubt as to the defendant's guilt.*

*Id.* at 191, 393 P.2d at 279. Similarly, an inference unfavorable to the prosecution in this case could create a reasonable doubt as to the extent of damages claimed by the State.

For the foregoing reasons, the order dismissing this case is reversed, and the matter is remanded for trial.

OGG, P. J., and CORCORAN, J., concur.