675 P.2d 735

**The STATE of Arizona, Appellee,**

**v.**

**Frank Rodriguez MALDONADO, Appellant.**

**No. 2 CA–CR 2754.**

Court of Appeals of Arizona, Division 2.

Nov. 18, 1983.

Review Denied Jan. 24, 1984.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Robert G. Benedict, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

The appellant was convicted of two counts of sexual assault with a prior felony conviction. The two crimes occurred on the same occasion. A charge of burglary was dismissed by the trial court because a jury of twelve had not been impaneled to hear the case.

The facts will be discussed in connection with the issues. The appellant was tried with a co-defendant. The crimes were actually vaginal and oral intercourse and occurred at the victim's apartment.

Five issues are presented:
1) Denial of the appellant's severance motions.
2) Racial remarks by the prosecutor.
3) Failure to impanel a twelve-member jury.
4) Lost evidence.

5) Admission of the tape of the victim's call to the police.

We affirm.

### Severance

■ Each defendant said the other one did it. They were antagonistic to each other. However, this does not mean the appellant was entitled to be severed from co-defendant Ruiz. Such severance is required when necessary to promote a fair determination of the guilt or innocence of any defendant. *See* Rule 13.4(a), Rules of Criminal Procedure, 17 A.R.S. In order to retrospectively apply this test we must examine the facts adduced at trial.

The victim testified, accusing both defendants, but of major importance to us, identifying the appellant without hesitation as the person who forced her to have sex twice. In addition to her testimony the record shows the appellant discarded her wallet in the police car after being arrested. There was no danger that the jury would convict the appellant on the strength of Ruiz' testimony in view of the other evidence presented. Where independent evidence of guilt supports the verdict a refusal to sever is not error. *United States v. Leonard*, 494 F.2d 955, (D.C.Cir. 1974); *United States v. Brady*, 579 F.2d 1121 (9th Cir.1978), cert. denied, 439 U.S. 1074, 99 S.Ct. 849, 59 L.Ed.2d 41 (1979). *See also State v. Politte*, 136 Ariz. 117, 664 P.2d 661 (1982).

### Racial Remarks

■ The appellant met the victim at a blood bank. He was giving blood and she worked there. She gave him her name and address and invited him to come visit her. The state in cross-examination of Ruiz, asked him if it wasn't true that Frank told him he had never had intercourse with a white girl and he was going over to the apartment that day and have intercourse with a white girl. The appellant's objection was sustained and the question was never answered. However, the next day appellant's counsel asked him if he had made

such a statement to Ruiz. He answered that he had not. Except for voir dire questions concerning such things as mixed dating, there were no other questions of this nature.

From this record we are unable to say that the prosecutor injected the subject of race into the case, nor are we able to say the appellant was prejudiced. *See State v. Madsen*, 125 Ariz. 346, 609 P.2d 1046 (1980). The object of the inquiry, that the appellant, a Mexican-American, went to the apartment to have sex with the "white" victim was relevant. It would have been evidence of his intent. *See Daniels v. State*, 11 So.2d 756, 243 Ala. 675 (1943), cert. denied, 319 U.S. 755, 63 S.Ct. 1168, 87 L.Ed. 1708 (1943); *People v. Brown*, 229 N.E.2d 922, 86 Ill.App.2d 163 (1967); *State v. Dunlap*, 61 N.J.Super. 582, 161 A.2d 760 (1960), cert. denied, 368 U.S. 903, 82 S.Ct. 181, 7 L.Ed.2d 97 (1961). The evidence, admissible for one purpose, should not be excluded only because it is prejudicial. M. Udall and J. Livermore, Arizona Law of Evidence, § 11 (1982).

### The Jury of Eight

■ The appellant's exposure, if convicted of all of the original counts and considering his prior, was in excess of 30 years. Pursuant to Art. 2, § 23 of the Arizona Constitution and A.R.S. § 21–102(A), a jury of twelve was mandated to decide his case. In order to correct this error the trial judge dismissed the burglary count. This reduced his exposure to less than 30 years. In view of the dismissal, this issue has no merit. *See State v. Cook*, 122 Ariz. 539, 596 P.2d 374 (1979) and *State v. Parker*, 22 Ariz.App. 111, 524 P.2d 506 (1974).

### Lost Evidence

■ After the assaults upon her, the victim was able to escape through her bedroom window. She was naked. She went to a girlfriend's apartment where she was given some clothing, including underpants. These items were taken from her at the hospital and given to the police. The un-

derpants were lost before any tests could be done on them. Underpants worn by a rape victim after the act are an important source for laboratory tests to detect either the presence or absence of sperm since fluid in the female will drain onto the clothing worn by the victim after intercourse. Also foreign hairs may be found.

In *State v. Hannah*, 120 Ariz. 1, 583 P.2d 888 (1978), our supreme court concluded that where there has been a loss or destruction of evidence a conviction should be reversed if (1) there is bad faith on the part of the state, or (2) a defendant was prejudiced by the loss of evidence.

There is no claim of bad faith here so we must determine whether the appellant was prejudiced. In *State v. Hannah, supra*, the supreme court found prejudice because fingerprint tests which could have been lifted were not and because it could not be determined whether exculpatory evidence would have been developed.

*Hannah* is not decisive here because other tests were made. Vaginal swabs were taken at the hospital, slides made, and examined. Additionally the victim testified that although the appellant achieved penetration he never ejaculated. In the ordinary case where testing is done to determine the presence of sperm, it is for the purpose of determining whether there has been sexual intercourse. A positive test for sperm usually corroborates the victim. In the instant case a positive test would not corroborate the victim and it certainly would not help the appellant. Negative tests would be essentially meaningless.

But, the appellant argues, if sperm found in the panties was found to be his co-defendant's that would exculpate him. Not so. Such a finding would be entirely consistent with the state's charge against the co-defendant. It would not help the appellant.

Vaginal swabs were taken from the victim at the hospital. Slides were made and tested. They revealed an indication of semen, but were inconclusive. The swabs were retained and subsequently tested

**478**

again prior to trial. It was learned that the swabs had not been refrigerated which can result in bacterial growth. The latter might then produce inaccurate tests, or no tests at all. The appellant seizes upon this failure to refrigerate as requiring dismissal. We cannot agree. No evidence shows any bacterial growth.

 The appellant also contends that a requested Willits [1] instruction should have been given. The instruction would be to the effect that "If you find that the plaintiff, the State of Arizona, has destroyed, caused to be destroyed, or allowed to be destroyed any evidence whose contents or quality are in issue, you may infer that the true fact is against their interest." 96 Ariz. at 187, 393 P.2d 274. This instruction is not warranted by the facts of this case. It would have no meaning for the jury. What true facts would they infer? The trial court properly refused a Willits instruction.

### Admission of Tape

The victim's initial telephone call reporting the rape to the police was recorded. That tape was admitted in evidence and played for the jury during the state's case. The jury also requested the tape to be played again during their deliberations.

The tape was admissible as an exception to the hearsay rule as an excited utterance. Rule 803(2), Rules of Evidence, 17A A.R.S. *See State v. Peeler*, 126 Ariz. 254, 614 P.2d 335 (App.1980). The conversation dealt only with the incident and the call was made after she had escaped from her own home, naked, through a window.

Nor was it error to have the tape played again for the jury at their request. The appellant contends this gave greater emphasis to that evidence but the trial court carefully instructed the jury not to give the evidence undue emphasis.

The appellant also argues that the tape contained extreme emotionalism and hysteria. This may be true, but a crime such as this produces emotionalism and hysteria.

1. *State v. Willits*, 96 Ariz. 184, 393 P.2d 274

The appellant is hardly in a position to complain. *See State v. Thomas*, 110 Ariz. 120, 515 P.2d 865 (1973).

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.