781 P.2d 601

**The STATE of Arizona, Appellee,**

v.

**Albert Henry SMITH, Appellant.**

**No. 2 CA–CR 89–0034.**

Court of Appeals of Arizona, Division 2, Department A.

Aug. 10, 1989.

Review Denied Nov. 7, 1989.*

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Randall M. Howe, Phoenix, for appellee.

---

\* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determination of this matter.

Tracy G. Ragsdale, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant appeals from the sentence imposed upon him after he pled guilty to one count of attempted sexual conduct with a minor. For the reasons stated below, the conviction and the sentence imposed are affirmed.

Following a jury trial, appellant was convicted of one count of sexual conduct with a minor under the age of 15 years, a class 2 felony, and attempted sexual conduct with a minor under the age of 15, a class 3 felony. The trial court sentenced appellant to 15 years' imprisonment on the first count and five years' imprisonment on the second count, to be served consecutively. The trial court also ordered that appellant be placed on lifetime parole after his imprisonment, specifying that he would not be eligible for parole until he had served the entire 15 years imposed in connection with the first count. Appellant appealed and this court reversed the conviction by mandate dated September 22, 1988, remanding the matter for a new trial.

On December 19, 1988, appellant entered into a plea agreement with the state whereby he pled guilty to one count of attempted sexual conduct with a minor under the age of 15 in exchange for the state's dismissal of the first count. At the change-of-plea proceeding, the trial court advised appellant of the rights he was waiving by entering into the plea agreement and the sentencing possibilities with regard to the charge of which he was being convicted. In that regard, the trial court stated that appellant could be sentenced to a minimum of five years' imprisonment and a maximum of 15 years, without eligibility for parole until serving one-half of the sentence imposed. The court then found a sufficient factual basis for the plea and that appellant had entered the guilty plea voluntarily, knowingly, and intelligently. Appellant's trial counsel argued that the court could not sentence appellant to a term of imprisonment in excess of five years unless the situation had changed from the time appellant was initially sentenced following the jury trial and the sentencing on the plea agreement. The trial court responded that as long as the sentence imposed was not longer than the sum of the terms of imprisonment previously imposed prior to the appeal, the court could impose any sentence within the lawful range. Appellant's counsel reiterated his position in a letter to the trial court included in the presentencing report and at the January 16, 1989, sentencing, relying primarily upon *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

The trial judge saw no basis for imposing a mitigated sentence and sentenced appellant to the presumptive term of ten years' imprisonment, $100 to the Victim Compensation Fund, with 647 days' pretrial incarceration credit. The court reasoned that this sentence was not in violation of *Pearce* because appellant would not be required to first serve the 15 years previously imposed before he could begin serving the ten-year sentence. The trial judge concluded that appellant was not being sentenced to a greater prison term and was not, therefore, being punished for having successfully appealed his first conviction.

Rule 26.14, Ariz.R.Crim.P., 17 A.R.S., this state's codification of the principles set forth in *Pearce*, provides as follows:

Where a judgment or sentence, or both have been set aside on appeal, by collateral attack or on a post-trial motion, the court may not impose a sentence *for the same offense*, or a different offense based on the same conduct, which is more severe than the prior sentence unless it concludes, on the basis of evidence concerning conduct by the defendant occurring after the original sentencing proceeding, that the prior sentence is inappropriate.

Ariz.R.Crim.P. 26.14, 17 A.R.S. (emphasis added).

If an increased sentence is imposed, the sentencing judge must articulate the reasons for increasing the sentence, which

may be based upon information made available to the court subsequent to the first trial regarding the defendant's life, health, habits, conduct, and mental and moral propensities. *State v. Macumber*, 119 Ariz. 516, 582 P.2d 162, *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *State v. Cruz*, 123 Ariz. 497, 600 P.2d 1129 (App.1979). In the instant case, the trial judge stated that there were no facts regarding appellant's post-appeal conduct which would justify the imposition of a greater sentence. Appellant argues that under the circumstances, the trial court could not sentence him to ten years' imprisonment for the same offense for which he was previously sentenced to five years, even though he would have had to serve a 15-year sentence first. We disagree.

 We believe that both *Pearce* and Rule 26.14 contemplate those situations where, unlike the case before us, the circumstances are the same both before and after an appeal and a greater sentence is subsequently imposed. We implicitly recognized such an interpretation in *State v. McDonald*, 156 Ariz. 260, 751 P.2d 576 (App.1987). While factually distinct, the reasoning in *McDonald* is applicable here. The trial court in that case had sentenced the defendant to 20 years' imprisonment for armed burglary, 21 years for seven counts of armed robbery, and 25 years for nine counts of kidnapping, all of which were to run concurrently. McDonald appealed and his convictions were reversed. After he was again convicted, he was sentenced to ten years on the armed burglary charge, 21 years for the armed robbery charges, 14 years for four counts of kidnapping, all of which were to run concurrently, and 14 years for five additional counts of kidnapping, which were to run consecutively to all other sentences. In rejecting the defendant's argument that the new sentence violated *Pearce* since 28 years were imposed instead of 25 years or less, we pointed to the trial court's well-articulated reasons for the new sentence. Specifically, the trial court explained that subsequent to the second trial, unlike the first, prior convictions had not been proven. Thus the sentences previously imposed on

the first two charges were "hard" years; the defendant would not be eligible for parole until serving two-thirds of the sentence. Explaining that the first sentence could not be matched in light of the failure to prove the priors, the trial court stated:

So what I've tried to do is match it as close as I can. The ten years really doesn't matter, the 21-year term remains the same, and I have come up with two 14-year terms, one on top of the other, which makes a total of 28 years, which is more than the 25 years, but since they are soft sentences the minimum if he served half is 14 years, which is less than the 16 and two-thirds he would have to serve on the 25-year term, and I consider that is two and two-thirds years less for the minimum and three years more.

156 Ariz. at 264, 751 P.2d at 580.

We concluded in *McDonald* that although the new sentence was numerically larger than the original sentence, "the practical effect of the later sentence is to reduce McDonald's incarceration." *Id.* Similarly, in the case before us, appellant would have had to serve 15 years before even beginning to serve the previously imposed sentence of five years. As in *McDonald*, the circumstances were no longer the same after the appeal, making it difficult, if not impossible, to impose a sentence that was exactly the same or less. The trial court imposed a ten-year term of imprisonment, considering it to be a lesser sentence because the previously imposed five-year term could only be served after appellant had served 15 years on count one.

We do not believe that when appellant was originally sentenced, the sentencing judge, a different judge than the one who resentenced appellant, took each charge separately and imposed a sentence for such charge as if in a vacuum. Presumably, instead, a five-year, mitigated sentence was imposed in part because it was to be served consecutively with the sentence in count one. We also assume the court found no reasons to justify the imposition of concurrent sentences. *See* A.R.S. § 13–708; Ariz. R.Crim.P. 26.13, 17 A.R.S. We do not believe that *Pearce* or Rule 26.14 may be

used to tie the hands of the trial court on resentencing when the circumstances after appeal are as different than before as "apples are to oranges," so to speak. Thus, while the sentence imposed is indeed numerically greater than the sentence originally imposed for that charge, looking at the totality of the circumstances, appellant's sentence is not more severe.

■ Assuming *arguendo* that the sentence is more severe, however, we believe that the trial judge articulated sufficient reasons for imposing the ten-year sentence to rebut the *Pearce* presumption of vindictiveness. *See Pearce, supra,* 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. In reviewing the record, the trial judge explained, he did not believe there were sufficient mitigating factors to justify the imposition of a mitigated term of imprisonment. We cannot say that the record is insufficient to support this contention. It was this, not vindictiveness towards appellant for successfully appealing his convictions, that motivated the trial judge to impose a ten-year term. This sentence is not in contravention of the policy underlying *Pearce*—ensuring that vindictiveness plays no part in a sentence imposed upon a defendant after a new trial. *Pearce,* supra, 395 U.S. at 725, 89 S.Ct. at 2080, 23 L.Ed.2d at 669.

We have reviewed the entire record for fundamental error and have found none. The conviction and the sentence are therefore affirmed.

HATHAWAY, J., concurs.

FERNANDEZ, Chief Judge, dissenting.

Because I believe the sentence imposed by the trial court is contrary to Rule 26.14, Ariz.R.Crim.P., 17 A.R.S., and *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), I dissent.

Rule 26.14 provides that when a conviction has been set aside on appeal, a sentencing court is precluded from imposing "a sentence *for the same offense* ... which is more severe than the prior sentence unless it concludes, on the basis of evidence concerning conduct by the defendant occurring after the original sentencing proceeding, that the prior sentence is inappropriate." (Emphasis added.) The rule was intended to be this state's embodiment of the resentencing standards adopted in *Pearce.* Comment to Rule 26.14.

Like *Pearce,* the rule contemplates those situations in which a greater, more severe punishment upon resentencing after a successful appeal may be warranted and constitutional. Because of the presumption of vindictiveness raised when the punishment is more severe, however, *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984) and *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the reasons for the increased severity must be carefully articulated by the sentencing judge. Those reasons may be based upon information made available to the court subsequent to the first trial regarding the defendant's life, health, habits, conduct, and mental and moral propensities. *See State v. Macumber,* 119 Ariz. 516, 582 P.2d 162, *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *State v. Cruz,* 123 Ariz. 497, 600 P.2d 1129 (App.1979).

We do not have that situation here. In fact, the trial judge expressly stated that he found no basis in appellant's subsequent record for increasing his sentence. The court was unable to articulate any conduct or cite to any facts or information which became available after the initial sentencing that would justify the imposition of a greater sentence. He simply concluded that the presumptive as opposed to a mitigated term of imprisonment should be imposed. In considering the ramifications of imposing the presumptive term in light of *Pearce,* the court stated that *Pearce* was not violated because the ten-year term of imprisonment was not in fact greater than the sentence previously imposed because appellant would no longer be required to serve a 15–year sentence before he commenced the ten-year sentence. This conclusion, which has been ratified by the majority, is incorrect.

There is no question but that the charge to which appellant pled guilty is the "same charge" for purposes of Rule 26.14 as count two of the initial conviction. There is also no question that appellant was originally sentenced to a mitigated term of five years' imprisonment on this charge, although it was consecutive to the 15–year sentence imposed on count one, and that he has now been sentenced to ten years' imprisonment on this charge. It is fallacious to say that the ten-year sentence is less than the five-year sentence. I do not believe that such a clearly greater sentence can be imposed based on the rationale that appellant was previously sentenced to 15 years' imprisonment on a charge to which he is not now pleading guilty simply because the practical effect is that he will serve less time in prison. Nor do I believe that the more severe term can be justified by considering the absence of a conviction for sexual conduct to be a change of circumstances. Neither the rule nor *Pearce* was intended to apply to such changes.

The facts of this case were undoubtedly known to the prosecution, yet appellant was offered a plea agreement for the less serious of the two charges, and that agreement was accepted. The prosecution should have anticipated the sentencing consequences of that agreement in light of appellant's prior convictions and sentences and the limitations imposed by *Pearce* and Rule 26.14. Despite the state's arguments to the contrary, it is obvious that appellant's sentence for attempted sexual conduct was twice as long after his successful appeal. *Pearce* and Rule 26.14 require that it be modified to a term of five years' imprisonment.