788 P.2d 1255

The STATE of Arizona, Appellee,

v.

Leroy ROBERTSON, Appellant.

No. 2 CA–CR 90–0010.

Court of Appeals of Arizona, Division 2, Department A.

March 6, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Jack Roberts, Phoenix, for appellee.

Leroy Robertson, Florence, in pro. per.

OPINION

HATHAWAY, Judge.

In 1979, appellant pled guilty to one count of armed robbery, a class 2 felony, with two prior nondangerous felony convictions. The sentencing range was 14 to 28 years, with a presumptive term of 15.75 years. The trial court imposed an aggravated sentence of 22 years. The conviction

 

and sentence were affirmed on appeal; however, in subsequent post-conviction proceedings Division One of this court found that the two prior convictions should have been treated as one for purposes of sentencing. The sentence was therefore vacated and the cause remanded for resentencing with one prior nondangerous conviction.

On remand, the trial court found that the proper range of sentence was seven to 21 years, with a presumptive term of 10.5 years. At the sentencing hearing, the trial court found as a mitigating circumstance appellant's good behavior while in prison. The court found no new aggravating factors but, relying on seven aggravating factors found at the prior sentencing, imposed an aggravated term of 18 years' imprisonment with credit for time already served.

On appeal, appellant contends that, because this sentence is proportionately more aggravated than his original sentence, and because the trial court did not articulate any additional reasons for thus "increasing" his sentence, it violates double jeopardy. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We disagree. We note, initially, that appellant's sentence was not increased, but rather decreased by four years. *Cf. State v. Smith*, 162 Ariz. 123, 781 P.2d 601 (App.1989) (upholding 10–year sentence following guilty plea to attempted sexual conduct with a minor after original convictions for sexual conduct with a minor and attempted sexual conduct with a minor, with five-year sentence on latter, were reversed on appeal where second sentence was less than total original sentence); *State v. McDonald*, 156 Ariz. 260, 751 P.2d 576 (App.1987) (upholding total 28–year sentence after conviction on retrial, whereas original total sentence was 25 years, where subsequent sentencing did not involve prior convictions or hard time and actual time served would be less). We reject appellant's contention that the proportionally greater degree of aggravation constituted an increase in his sentence within the meaning of either *Pearce* or Ariz.R.Crim.P. 26.14, 17 A.R.S. Moreover,

it is clear that the sentence was not the result of vindictiveness which *Pearce* and Rule 26.14 were designed to prevent, as the record shows that the trial court relied on the one mitigating factor presented by appellant to reduce the sentence from its original length. We find no error.

Finding no fundamental error upon review of the entire record, we affirm the judgment of conviction and sentence.

ROLL, P.J., and HOWARD, J., concur.