961 P.2d 1067

**STATE of Arizona, Appellee,**

v.

**Eugene Wilmot POPE, Appellant.**

**No. 1 CA–CR 97–0353.**

Court of Appeals of Arizona,
Division 1, Department E.

Feb. 12, 1998.

Review Denied Sept. 10, 1998.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals

Section and Diane M. Ramsey, Assistant Attorney General, Phoenix, for Appellee.

John C. Williams, Prescott, for Appellant.

KLEINSCHMIDT, Judge.

¶ 1 The Defendant, Eugene Wilmot Pope, appeals his conviction and sentence for various crimes growing out of an argument that led to the endangerment of a number of people and the death of a child. We reverse because the Defendant was tried to a jury of only eight persons instead of to a jury of twelve persons to which he was entitled.

¶ 2 The Defendant was arguing with a neighbor when the pistol he was brandishing discharged. The bullet penetrated the wall of the neighbor's home and killed a child. The Defendant was charged with second-degree murder of a child under fifteen years, aggravated assault of a child under fifteen years, dangerous aggravated assault, and five counts of endangerment as to other people in the vicinity. These charges exposed the Defendant to a maximum term of imprisonment of eighty-one years.

¶ 3 The Arizona Constitution provides:

The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more *is authorized by law* shall consist of twelve persons. In all criminal cases the unanimous consent of the jurors shall be necessary to render a verdict. In all other cases, the number of jurors, not less than six, and the number required to render a verdict, shall be specified by law.

Ariz. Const. art. II, § 23 (emphasis added). The constitutional requirement is echoed in statute. *See* Arizona Revised Statutes Annotated ("A.R.S.") § 21–102(A).

¶ 4 Before trial, the attorneys and the judge discussed whether a twelve-person jury was necessary. The State offered to stipulate that any sentences imposed be concurrent and not exceed thirty years. Pope's attorney objected to this and suggested that the State dismiss some charges to reduce the exposure to under thirty years. When the State declined, the judge made a finding "that an eight-person jury with two alter-nates is providing due process in this situation and that there is no way that a sentence of greater than 30 years can result from this trial." The court entered an order to the effect that regardless of the jury's findings, no consecutive sentences would be imposed.

¶ 5 An eight-member jury was empaneled and it found the Defendant guilty of negligent homicide, disorderly conduct with a weapon and five counts of endangerment. The court imposed concurrent presumptive sentences, the longest of which was six years. This appeal followed.

¶ 6 The question this case presents is controlled by *State v. Frey*, 141 Ariz. 321, 686 P.2d 1291 (App.1984), in which we held that a judge cannot deprive a defendant of the right to a jury trial by deciding, before trial, to designate a class 6 open end offense a misdemeanor. We explained that the potential sentence authorized by the legislature is the most relevant indicator of the moral quality of the crime. Citing *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), and other cases, we pointed out that the Supreme Court of the United States has said that it is the possible maximum penalty authorized by the legislature which triggers the right to a jury trial. We concluded that the interests the right to a trial by jury protects would be undercut if a judge, by pretrial fiat, could do away with a jury by reducing the charge the prosecution had filed. The *Frey* reasoning applies to the facts of this case.

¶ 7 Other cases suggest and support the same result. *See State v. Luque*, 171 Ariz. 198, 829 P.2d 1244 (App.1992) (acquittal on one or more charges so that maximum cumulative sentence could not exceed thirty years does not cure failure to empanel a twelve-member jury); *State v. Fancy*, 139 Ariz. 76, 676 P.2d 1134 (App.1983) (state's withdrawal of allegations of prior felonies after verdict will not cure failure to empanel twelve-person jury); *State v. Miguel*, 125 Ariz. 538, 611 P.2d 125 (App.1980) (imposition of a sentence of less than thirty years will not cure failure to empanel twelve-person jury).

¶ 8 The State cites two cases, *State v. Thompson*, 139 Ariz. 133, 677 P.2d 296 (App.

1983), and *State v. Maldonado,* 138 Ariz. 475, 675 P.2d 735 (App.1983), in support of its argument that a twelve-person jury was not required in this case. In *Thompson,* we found an eight-person jury permissible because during the course of the trial the court had reduced a charge of theft to attempted theft.[1] In *Maldonado,* the dismissal of a burglary count before the case went to the jury reduced the potential penalty to less than thirty years and validated an eight-person jury. *Thompson* and *Maldonado* are inapposite because at the point in the trial when those cases went to the jury, a penalty of more than thirty years was not authorized by law.

¶ 9 We are aware of the very recent opinion of another panel of this court in *State v. Thorne,* 258 Ariz. Adv. Rep. 20, —— Ariz. ——, —— P.2d —— (App. Dec. 11, 1997). There, the court, without discussing *Frey,* held that an eight-person jury was permissible where the state stipulated, prior to trial, that two counts of an indictment were based on a single act, thus making it impossible to impose consecutive sentences which would exceed thirty years. Once the conduct that supported both counts was conclusively established to be the same act, a sentence of thirty years was not authorized by law.

¶ 10 The judge's assurance that he would not impose a sentence in excess of thirty years in the case before us is not the equivalent of the prosecutor's acknowledgement in *Thorne* that a single act underlies two charges. The judge's assurance was a forfeiture of discretion in order to limit what was authorized; the state's stipulation in *Thorne* was an acknowledgement of fact that established what was authorized. This distinction is not purely technical. In our case, notwithstanding the fact that the Defendant could not be sentenced to more than thirty years because of the judge's assurance, he was nonetheless on trial for a crime that society deems serious enough to carry a penalty in excess of thirty years. In other words, what one judge may think about the circumstances of the crime is not the only consideration that bears on the size of the jury.

¶ 11 Finally, we are aware that under *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), as it interprets *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), a trial judge may abridge a defendant's right to counsel by stipulating that no incarceration will ensue if the defendant is convicted of a crime. The Supreme Court has not suggested that the rule of those cases can be applied to abridge the right to trial by jury. Indeed, the Supreme Court acknowledged in both cases that the right to trial by jury has a "different genealogy" than the right to counsel. *Scott,* 440 U.S. at 372, 99 S.Ct. at 1161 (*citing Argersinger,* 407 U.S. at 29, 92 S.Ct. at 2008). We need not discuss the policies that underlie those decisions and the distinctions that could be drawn between those cases and the one before us. *Frey* acknowledged the existence of *Scott* and *Argersinger* and declined to apply them to abridge the right to a jury trial. So do we.

¶ 12 The Defendant is entitled to a new trial on the charges for which he was convicted. Because conviction on those charges cannot result in a penalty in excess of thirty years, he will not be entitled to a twelve-person jury on retrial. Nonetheless, reversal and retrial is required to vindicate his constitutional right. *See Luque,* 171 Ariz. at 200–01, 829 P.2d at 1246–47.

¶ 13 The judgments of conviction are vacated, and this case is remanded for further proceedings.

SULT, P.J., and GARBARINO, J., concur.

---

1. It is the status of the charges at the time jury deliberation begins that determines whether a defendant is exposed to a penalty of more than thirty years imprisonment. *State v. Henley,* 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984).