SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-09-0087-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CR 07-0390 |
| BASILIO SOLIZ, | ) | |
| | ) | Maricopa County |
| Appellant. | ) | Superior Court |
| | ) | No. CR2006-112881-001 SE |
| | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**
_____

Memorandum Decision of the Court of Appeals, Division One
Filed Mar. 10, 2009

**VACATED IN PART**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Kent E. Cattani, Chief Counsel,
          Criminal Appeals/Capital Litigation Section
          Michael T. O'Toole, Assistant Attorney General
          Julie A. Done, Assistant Attorney General
Attorneys for State of Arizona

SHARMILA ROY                                              Laveen
Attorney for Basilio Soliz
_____

**R Y A N**, Justice

¶1      Article 2, Section 23 of the Arizona Constitution requires that "[j]uries in criminal cases in which a sentence of

. . . imprisonment for thirty years or more is authorized by law shall consist of twelve persons." In this case we consider whether this provision is violated when a sentence of thirty years or more is authorized by law for the crimes charged, the case proceeds to verdict with a jury of less than twelve people without objection, and the resulting sentence is less than thirty years.

**I**

¶2 The State charged Basilio Soliz with possession of dangerous drugs for sale. During a settlement conference, the State offered to permit Soliz to plead guilty with a sentence of between five and eight years in prison. The prosecutor said that if Soliz opted for a trial the State would allege two historical prior felony convictions at sentencing. In that event, Soliz faced a maximum of thirty-five years in prison. Soliz declined the offer.

¶3 When the case proceeded to trial, the court empanelled only eight jurors and one alternate. Neither Soliz nor the State objected. The jury found Soliz guilty of possession of dangerous drugs for sale. At sentencing, the State declined to prove Soliz's prior convictions or any aggravating circumstance and requested a presumptive sentence of ten years, which the trial judge imposed.

¶4 Soliz appealed, arguing that he was deprived of the

twelve-person jury required by Article 2, Section 23.  The court of appeals reversed.  *State v. Soliz*, 1 CA-CR 07-0390, 2009 WL 597376, at *3 ¶ 11 (Ariz. App. Mar. 10, 2009) (mem. decision). The court held that the failure to empanel a twelve-person jury was "fundamental error" that required reversal absent evidence in the record that the State "withdrew its allegations and thus reduced Soliz's exposure to less than thirty years."  *Id*. at *3 ¶ 10.[1]

¶5      The State petitioned for review, arguing that because no objection to the eight-person jury was raised at trial, our most recent formulation of fundamental error review in *State v. Henderson* required Soliz to prove that the error was fundamental and that he had been prejudiced.  210 Ariz. 561, 567 ¶¶ 19-20, 115 P.3d 601, 607 (2005).  We granted review to decide this recurring issue of statewide importance.  We exercise jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") § 13-4031 (2001).

**II**

**A**

¶6      As originally adopted, the Arizona Constitution

---

[1]    Soliz raised another claim which the court of appeals summarily rejected.  *Id*. at *1, n.1, ¶ 1.  Soliz did not raise that claim here.

3

provided that the right to a jury trial "shall remain inviolate" and that juries of less than twelve people could be employed only "in courts not of record." Ariz. Const. art. 2, § 23 (amended 1972). In *Williams v. Florida*, the Supreme Court held that the Sixth Amendment did not require a twelve-person jury when a defendant faced a life sentence. 399 U.S. 78, 102-03 (1970) (explaining that "[o]ur holding does no more than leave these considerations to Congress and the States, unrestrained by an interpretation of the Sixth Amendment that would forever dictate the precise number that can constitute a jury"). In 1972, Arizona voters amended Article 2, Section 23 to require juries of twelve only in "criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law." The amended provision stated that "[i]n all other cases, the number of jurors, not less than six, and the number required to render a verdict, shall be specified by law."

¶7        In the same session in which it referred the amendment of Article 2, Section 23 to the people, the legislature conditionally passed a statute, now codified at A.R.S. § 21-102 (2002), that provided for eight-person juries in all cases but those in which twelve jurors were mandated by the amended provision. *See* Ariz. Const. art. 2, § 23 and historical note

(acknowledging conditional enactment of parallel legislation).[2] The legislature thus reserved the twelve-person jury only for the most serious offenses and measured seriousness by the potential sentence upon conviction. *Cf. Derendal v. Griffith*, 209 Ariz. 416, 425 ¶ 37, 104 P.3d 147, 156 (2005) (holding that sentence authorized by the legislature indicates the seriousness of the offense in question).

**B**

¶8      When determining whether a sentence of thirty years or more is authorized and thus a twelve-member jury is required under Article 2, Section 23, courts take into account sentencing enhancements, *see State v. Prince*, 142 Ariz. 256, 259, 689 P.2d 515, 518 (1984), and whether consecutive sentences can be imposed for multiple offenses, *see State v. Henley*, 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984). Here, the maximum prison sentence for the offense for which Soliz was charged, possession of dangerous drugs for sale, was fifteen years. However,

---

[2]     Section 21-102 provides:

> A. A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict.
>
> B. A jury trial in any court of record of any other criminal case shall consist of eight persons, and the concurrence of all shall be necessary to render a verdict.

because of the State's additional allegations, Soliz faced a possible maximum sentence of thirty-five years. Therefore, had Soliz requested a twelve-person jury, the trial court should have granted that request.

**III**

**A**

¶9        In *Henley*, this Court held that, even in the absence of an objection by the defendant, the failure to provide a twelve-person jury if a sentence of more than thirty years would have been possible is "fundamental" error because it violated a constitutional provision. 141 Ariz. at 469, 687 P.2d at 1224. *Henley* found reversal was required because the Court "[could] []not say beyond a reasonable doubt that the error did not significantly contribute to the defendant's conviction . . . ." *Id*. The State urges us to revisit this holding in light of *Henderson*. Soliz, on the other hand, urges us to recognize *Henley* as a rule of structural error and thus presume prejudice. *See State v. Valverde*, 220 Ariz. 582, 585 ¶ 10, 208 P.3d 233, 236 (2009) ("If error is structural, prejudice is presumed.").

**B**

¶10        "Alleged trial court error in criminal cases may be subject to one of three standards of review: structural error, harmless error, or fundamental error." *Id.* at 584 ¶ 9, 208 P.3d at 235. Harmless error review applies when the defendant

objects to the alleged error at trial.  *Id.* at 585 ¶ 11, 208 P.3d at 236.  Structural error, which "deprive[s] defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence," *State v. Ring* (*Ring III*), 204 Ariz. 534, 552 ¶ 45, 65 P.3d 915, 933 (2003) (internal quotation marks omitted), requires no trial objection for reversal, *Valverde*, 220 Ariz. at 585 ¶ 10, 208 P.3d at 236.

¶11    In all other cases, when no objection is made at trial, we review only for fundamental error.  *Id.* at ¶ 12. "Fundamental error is limited to 'those rare cases that involve error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial'" and places the burden on the defendant to show that the error was fundamental and prejudicial.  *Id.* (quoting *Henderson*, 210 Ariz. at 567 ¶ 19, 115 P.3d at 607).

¶12    The prerequisite to all three categories of error is that error indeed occurred.  Because we conclude that Soliz's trial to an eight-person jury removed any risk of his receiving a sentence of thirty years or more, no constitutional error occurred; therefore, the parties' dispute over what category of error should be applied is irrelevant.

7

## C

¶13     In interpreting Article 2, Section 23, this Court has long held that "a criminal defendant is not 'at risk' in terms of maximum sentence until the case is submitted to the jury." *Prince*, 142 Ariz. at 259, 689 P.2d at 518.  Thus, if by the time the case is submitted, a sentence of thirty years or more is no longer "authorized by law," Article 2, Section 23 does not mandate twelve jurors.  *Id.*

¶14     In *Prince*, for example, the state represented that it would pursue only a single prior conviction for sentencing purposes, rather than the multiple convictions previously alleged.  *Id.* at 258, 689 P.2d at 517 (noting that the prosecutor told the trial court that only one prior conviction was alleged).  This Court observed that the prosecutor's statement in effect withdrew the allegation of multiple prior felony convictions, thus reducing the maximum sentence authorized by law.  *Id.*  The Court concluded that "[b]y allowing the trial to proceed before an eight-member jury, trial counsel effectively foreclosed the ability of the prosecution to prove that appellant had been convicted of two felonies, thereby reducing the maximum possible sentence of imprisonment" to less than thirty years.  *Id.* at 260, 689 P.2d at 519; *see also State v. Cook*, 122 Ariz. 539, 541, 596 P.2d 374, 376 (1979) (permitting withdrawal of an allegation of a prior conviction in

order to lower defendant's maximum exposure); *State v. Thompson*, 139 Ariz. 133, 134, 677 P.2d 296, 297 (App. 1983) (no prejudicial error when judge, over objection of defendant, reduced charge so that any sentence would be less than thirty years).

¶15    These cases are consistent with the Supreme Court's approach to the Sixth Amendment.   For example, in *Scott v. Illinois*, the Court held that the Sixth Amendment does not require appointment of counsel when the "defendant is charged with a statutory offense for which imprisonment upon conviction is authorized but not actually imposed upon the defendant."   440 U.S. 367, 369 (1979); *see also Argersinger v. Hamlin*, 407 U.S. 25, 40 (1972) (noting that sentencing judges will be deemed aware of controlling right-to-counsel case law requiring counsel in face of imprisonment in determining in what manner to permit the case to proceed).   Similarly, Justices Kennedy and Breyer, in their concurrence in *Lewis v. United States*, 518 U.S. 322 (1996), concluded that a defendant did not have a right to a jury trial when the trial judge in the case stated that she would not impose a sentence of more than six months' imprisonment.  *Id*. at 338.

¶16    In the cited Arizona cases, the prosecutor or judge explicitly acted to effectively reduce the defendant's jeopardy before the jury began deliberations.   The appellate courts

concluded that the constitutional protections applicable to the largest theoretical sentence that the legislature approved for that defendant no longer applied. We believe that what was explicit in those situations is implicit here. By failing to request a jury of twelve, the State effectively waived its ability to obtain a sentence of thirty years or more.[3] The trial judge affirmed this by failing to empanel a jury of twelve. In such a circumstance, as long as a lesser sentence may legally be imposed for the crime alleged, we hold that a sentence of thirty years or more is no longer permitted and that the twelve-person guarantee of Article 2, Section 23 is not triggered.

**D**

**¶17**     We acknowledge that the approach we adopt departs from *Henley* and subsequent cases that relied on it,[4] particularly

---

[3]     Because the State concedes that there is no victim in this case we need not determine whether the State's decision to waive a particular sentence implicates a crime victim's right "[t]o be heard at any proceeding involving . . . sentencing." Ariz. Const. art. 2, § 2.1(4); *see also State v. Lamberton*, 183 Ariz. 47, 49, 899 P.2d 939, 941 (1995) (recognizing that state statute and court rule define criminal proceeding as "matters before the trial court").

[4]     *See*, *e.g.*, *State v. Smith*, 197 Ariz. 333, 340 ¶ 21, 4 P.3d 388, 395 (App. 1999) (reversible error when defendant's right to twelve person jury waived by defense counsel's stipulation with state that sentences would run concurrently, resulting in a sentence of less than thirty years); *State v. Pope*, 192 Ariz. 119, 121 ¶¶ 10, 12, 961 P.2d 1067, 1069 (App. 1998) (judge's assurance that sentences would run concurrently did not cure error in failing to empanel a jury of twelve); *State v. Luque*, 171 Ariz. 198, 201, 829 P.2d 1244, 1247 (App. 1992) (acquittal

*State v. Pope*, which held that a defendant could not be deprived of a twelve-person jury by a judge's assurance that a sentence of less than thirty years would be imposed. 192 Ariz. 119, 121 ¶ 10, 961 P.2d 1067, 1069 (App. 1998). *Henley*, however, created anomalous results. First, because *Henley* adopted, in essence, an automatic reversal rule, in many cases defense counsel had no incentive to request a twelve-person jury. Instead, counsel could decide to see what verdict an eight-person jury reached, knowing that a retrial would always result if the client faced a potential sentence of thirty years or more. Second, because the state would usually be prohibited from seeking a sentence longer than initially imposed after a defendant's successful appeal, *see Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974); *State v. Noriega*, 142 Ariz. 474, 483, 690 P.2d 775, 784 (1984), *overruled on other grounds by State v. Burge*, 167 Ariz. 25, 28 n.7, 804 P.2d 754, 757 n.7 (1990), a remand after a reversal under the *Henley* approach would be conducted before an eight-person jury. Our holding here avoids such anomalous results while, at the same time, protects defendants from lengthy imprisonment in cases in which the jury is not comprised of twelve persons.

¶18        Accordingly, Soliz could not, as a matter of law,

---

on one or more charges so that maximum cumulative sentence could not exceed thirty years does not cure error in failing to empanel a twelve-member jury).

11

receive a sentence of thirty years or more based on the State's additional allegations once a jury of less than twelve began deliberations.  Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A). As a result, no error occurred in this case.

**IV**

**¶19**      For the foregoing reasons we vacate the court of appeals' determination as to Article 2, Section 23 and affirm the judgment of the superior court.

_____
Michael D. Ryan, Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
W. Scott Bales, Justice

_____
A. John Pelander, Justice