NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRIAN JAMES VITTERA, *Appellant.*

No. 1 CA-CR 17-0292
FILED 12-14-2017

Appeal from the Superior Court in Maricopa County
No.  CR2015-112736-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

J O H N S E N, Judge:

¶1        Brian James Vittera timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions on two counts of aggravated driving under the influence, each a Class 4 felony.  Vittera's counsel searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Vittera was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Vittera's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Early the morning after Saint Patrick's Day in 2015, a car Vittera was driving rolled slowly into the rear of another car stopped at a stoplight.[1]  The other driver got out of the car and, after speaking to Vittera, noticed that "something was definitely off with him."  Both drivers pulled into a nearby gas station, where the other driver saw that Vittera was stumbling and having problems balancing while stepping out of his car.  Vittera was wearing an event wristband and Mardi Gras-style necklaces, one of which had a shot glass attached to it.

¶3        When police arrived, an officer noticed that although Vittera was calm and polite, his breath smelled of alcohol, his speech was slurred, and he had "bloodshot, watery eyes."  Officers arrested Vittera and took him to the station, but Vittera's blood was not drawn until two hours and 45 minutes after the accident.  By that point, Vittera's blood alcohol level was .203.  Vittera was convicted of two counts of aggravated driving under the

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Vittera.  *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

influence under Arizona Revised Statutes ("A.R.S.") sections 28-1381(A) (2017) and -1383(A)(1) (2017).[2] After finding Vittera had two historical prior felony convictions and one other felony conviction, as well as three other convictions for driving under the influence, the superior court sentenced him to 12 years' incarceration with credit for 249 days served.

¶4 Vittera timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033 (2017).

## DISCUSSION

¶5 The record reflects Vittera received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings.

¶6 The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was comprised of eight members, limiting the permissible sentencing range to less than 30 years. *See State v. Soliz*, 223 Ariz. 116, 120, ¶ 16 (2009). The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned unanimous verdicts, which were confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Vittera was convicted.

## CONCLUSION

¶7 We have reviewed the entire record for arguable issues and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300-01.

¶8 Defense counsel's obligations pertaining to Vittera's representation in this appeal have ended. Counsel need do no more than inform Vittera of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the

---

[2] Absent material revision after the date of an alleged offense, we cite a statute's current version.

Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Vittera has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Vittera has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA