NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

MEGAN HILL, *Appellant*.

No. 1 CA-CR 17-0469
FILED 6-5-2018

---

Appeal from the Superior Court in Apache County
No. S0100CR201300028
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Dirk LeGate, Holbrook
By Dirk LeGate
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

J O H N S E N, Judge:

¶1        Megan Hill timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following her conviction of possession of dangerous drugs and possession of drug paraphernalia. Hill's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Hill was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Hill's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2        On September 27, 2012, police executed a search warrant at a towing facility and camping trailer.[1] After police announced their presence and used a flash-bang grenade, Hill emerged from the trailer and police detained her. Inside the trailer, police searched a purple purse and found Hill's driver's license and a small plastic bag containing 50 milligrams of methamphetamine. In the kitchen of the trailer, police found what they believed to be a methamphetamine lab.

¶3        Hill was arrested and was tried on charges of possession of chemicals or equipment to manufacture methamphetamine, possession of dangerous drugs and possession of drug paraphernalia. At trial, Hill admitted the bag found in the purple purse was hers and that it had contained meth, which she had used. A jury acquitted her of possession of chemicals or equipment to manufacture, but convicted her of possession of

_____

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Hill. *State v. Hill*, 236 Ariz. 162, 164, ¶ 2, n.1 (App. 2014).

dangerous drugs, a Class 4 felony, and possession of drug paraphernalia, a Class 6 felony. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-3407(A)(l), (B) (2018); 13-3415(A) (2018).[2] After finding that Hill had two prior felonies not committed on the same occasion but committed more than five years before the current offenses, the superior court sentenced Hill as a Category 1 repetitive offender to concurrent sentences of 1.5 years for the drug-possession offense, the minimum term, and the presumptive term of one year for the paraphernalia offense, with 40 days pre-sentence incarceration credit. *See* A.R.S. § 13-703(A), (H) (2012).

¶4 Hill timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033(A)(1) (2018).

## DISCUSSION

¶5 The record reflects Hill received a fair trial. She was represented by counsel at all stages of the proceedings against her and was present at all critical stages. The court held appropriate pretrial hearings.

¶6 Pursuant to Arizona Rule of Evidence 609, the court held a hearing on Hill's prior convictions and ordered she could be impeached by her prior felony convictions, as "sanitized." The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. Because the court imposed a sentence of less than 30 years, the eight-person jury sufficed. *See State v. Soliz,* 223 Ariz. 116, 120, ¶ 16 (2009). The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Hill was convicted.

## CONCLUSION

¶7 We have reviewed the entire record for reversible error and, finding no arguable issue, affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

¶8 Defense counsel's obligations pertaining to Hill's representation in this appeal have ended. Counsel need do no more than

---

[2] Absent material revision after the date of an alleged offense, we cite a statute's current version.

inform Hill of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Hill has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration. Hill has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA