NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

ROBERT PAUL CAMPBELL, JR.,
*Appellant*.

No. 1 CA-CR 18-0466
FILED 8-27-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-001396-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

KBUnited, LLC, Phoenix
By Kerrie M. Droban
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

J O H N S E N, Judge:

¶1      Robert Paul Campbell, Jr. timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions of one count of possession of marijuana, a Class 6 felony, and two counts of possession of drug paraphernalia, each a Class 6 felony. Campbell's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999). Campbell was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Campbell's convictions and sentences as modified.

## FACTS AND PROCEDURAL BACKGROUND

¶2      Police surveilling Campbell saw him drive away from his home and eventually pulled him over.[1] They found a digital scale in Campbell's pocket, and, behind the driver's seat of his vehicle, a large plastic bag labelled "AD Gorilla Glue" containing roughly one pound of marijuana.

¶3      The State indicted Campbell on one count of transporting marijuana for sale and two counts of possession of drug paraphernalia, based on the plastic bag and the digital scale. At trial, the parties stipulated that Campbell had been lawfully surveilled, arrested and searched. The jury found Campbell guilty of possession of marijuana as a lesser-included offense of transporting marijuana for sale and also found him guilty of both counts of possession of drug paraphernalia. After Campbell admitted to

---

[1]      Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Campbell. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

four prior felonies, the superior court sentenced him as a category-three repeat offender under Arizona Revised Statutes ("A.R.S.") section 13-703 (2019) and imposed concurrent, presumptive terms of 3.75 years' imprisonment on each count, with 133 days' presentence incarceration credit.[2]

¶4        Campbell timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

## DISCUSSION

¶5        Campbell was present and represented by counsel at all critical stages of the proceedings against him, except that he was not present for the verdict.  "A defendant has a constitutional right to be present at every stage of a trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article 2, Section 24 of the Arizona Constitution."  *State v. Fitzgerald*, 232 Ariz. 208, 214, ¶ 31 (2013).  A defendant nevertheless may voluntarily waive his right to attend trial.  Ariz. R. Crim. P. 9.1; *Fitzgerald*, 232 Ariz. at 215, ¶ 31.  The court properly may infer that a defendant's absence from trial is voluntary if the defendant had: (1) "actual notice of the date and time of the proceeding," (2) "notice of the right to be present" and (3) "notice that the proceeding would go forward in the defendant's absence."  Ariz. R. Crim. P. 9.1.

¶6        The record demonstrates that all three elements of Rule 9.1 were met here.  Campbell's counsel made the following statement after the jury gave its verdicts:

> We broke for jury deliberations, and my client had indicated he wanted to go change his clothes.  I told him he needed to stay close to the building.  He said, "I only live about 15 minutes from here."  I said great.

> At 2:55 [the] power on my phone was getting low, so I sent my client a text saying, "Hey, my phone's going to die.  I need you back in court.  If you want to wait in the hall, that's fine."

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

> We did receive a verdict six minutes later. I texted him: We have a verdict. It is now 3:22. First text was sent at 2:55, and he's not returned. I did make a phone call at about 3:15.
>
> The phone rang four times and went to voicemail. I've had no contact with him since we broke for deliberations.

Based on counsel's statement, the court could properly infer that Campbell chose not to be present in the courtroom even though he knew the jury might return its verdicts, and thus voluntarily waived his right to be present. *See* Ariz. R. Crim. P. 9.1; *Fitzgerald*, 232 Ariz. at 215, ¶ 31.

¶7　　　　Under Article 2, Section 23 of the Arizona Constitution, a jury of 12 members must be seated when a criminal defendant is on trial for charges that carry a potential sentence of 30 or more years. Although the charges against Campbell carried potential aggravated sentences of more than 30 years, the jury was comprised of only eight members. *See* A.R.S. §§ 13-703(C), (J), -3405(A)(4) & (B)(10), -3415 (2019). In *State v. Soliz*, 223 Ariz. 116 (2009), the supreme court held that when a court empanels only eight jurors in such a situation, it must impose a sentence of less than 30 years. *See Soliz*, 223 Ariz. at 119-20, ¶¶ 12-13, 16. Here, consistent with that requirement, the superior court imposed a sentence of less than 30 years.

¶8　　　　The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned guilty verdicts, and, although neither party requested the court poll the jury, the record does not suggest a question about unanimity.

¶9　　　　The superior court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Campbell was convicted. Although the sentencing minute entry states Campbell was convicted of transporting marijuana for sale, the jury convicted him of possession of marijuana, as the court correctly noted during sentencing. We modify the sentencing minute entry to reflect the proper conviction under Count 1. *See State v. Ovante*, 231 Ariz. 180, 188, ¶¶ 38-39 (2013) (appellate court may correct the minute entry).

## CONCLUSION

¶10　　　　We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences as

modified. *See Leon*, 104 Ariz. at 300. Although the court granted Campbell one more day of presentence incarceration credit than was warranted, absent a cross-appeal by the State, we will not correct the sentence. *State v. Dawson*, 164 Ariz. 278, 286 (1990).

¶11 Defense counsel's obligations pertaining to Campbell's representation in this appeal have ended. Counsel need do no more than inform Campbell of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Campbell has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Campbell has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA