NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARMEN BRENDA LEE GONZALEZ, *Appellant.*

No. 1 CA-CR 19-0098
FILED 12-12-2019

Appeal from the Superior Court in Yuma County
No. S1400CR201800578
The Honorable Brandon S. Kinsey, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Eugene Marquez
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

**¶1** Carmen Brenda Lee Gonzalez ("Appellant") appeals her convictions and grant of probation for two counts of theft of means of transportation. Appellant argues that she had a constitutional right to a twelve-person jury because she faced more than thirty years' imprisonment if convicted on all charged counts, and the trial court committed fundamental error when it allowed an eight-person jury to decide her case. Appellant's sentencing exposure was reduced to less than thirty years' imprisonment before sentencing, however, and relying on *State v. Soliz*, 223 Ariz. 116 (2009), we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2** In May 2018, a grand jury charged Appellant with one count of conducting a chop shop, a class two felony (Count I), and two counts of theft of means of transportation, each a class three felony (Counts II and III). *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-4702, -1814. The State later amended the indictment to allege that Appellant had one historical prior felony conviction. Relying on A.R.S. § 13-703(B) and (I), Appellant maintains the three charged counts, combined with the allegation of the historical prior felony conviction, exposed her to a potential fully aggravated sentence of 55.5 years' imprisonment, or a maximum sentence of 44.5 years' imprisonment.[2]

---

[1] We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

[2] The record does not indicate, however, that the State further amended the indictment before trial by filing an allegation of aggravating circumstances pursuant to A.R.S. § 13-701(D) and Rule 13.5(a), Ariz. R. Crim. P.

¶3         On the first day of trial, before voir dire had begun, the court stated its "understanding" was that "we're looking at a panel of 22, 8 jurors plus 2 alternates." Neither the prosecutor nor defense counsel disputed the court's statement or further inquired as to the required number of jurors. At the conclusion of voir dire, the parties selected, and the court swore in, ten jurors for the trial.[3]

¶4         On the second day of trial, after the State had rested, Appellant moved for a judgment of acquittal on all counts. *See* Ariz. R. Crim. P. 20. The trial court granted Appellant's Rule 20 motion as to Count I and denied the motion as to Counts II and III. Shortly thereafter, the jury convicted Appellant on the two remaining counts.[4]

¶5         At a status conference before sentencing, the prosecutor informed the court he would no longer seek to prove the allegation of the historical prior felony conviction. The court informed the parties that it had intended to place Appellant on probation "if the State did not prove the priors, [but] if the State had proven the priors then [the court] would have to sentence [Appellant] to prison."

¶6         The court later suspended sentencing on Counts II and III and placed Appellant on concurrent terms of thirty-six months of supervised probation.

¶7         We have jurisdiction over Appellant's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## ANALYSIS

### I.    Standard of Review and Applicable Law

¶8         We review *de novo* questions of law, including constitutional questions. *State v. Fitzgerald*, 232 Ariz. 208, 216, ¶ 37 (2013); *State v. Valentini*, 231 Ariz. 579, 581, ¶ 5 (App. 2013).

---

[3]    Jurors 1 (originally 15) and 10 (originally 94) were later chosen as alternates.

[4]    The jury retired from the courtroom to commence deliberations at 2:46 p.m., and by 4:00 p.m., it had returned to the courtroom to announce its verdict.

**¶9**         "Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons." Ariz. Const. art. 2, § 23; *accord* A.R.S. § 21-102(A).

       *II.     The Merits*

**¶10**         Relying on Article 2, Section 23, of the Arizona Constitution and *State v. Maldonado*, 206 Ariz. 339 (App. 2003), Appellant argues that because she faced a prison sentence of thirty or more years throughout her trial, "it was prejudicial error to deprive her of an additional four jurors." In *Maldonado,* this court stated, "It is the sentence to which the defendant is exposed at the outset of the jury trial that determines the number of jurors selected." 206 Ariz. at 342, ¶ 14.

**¶11**         Given our supreme court's holding in *Soliz,* however, Appellant's reliance on *Maldonado* is unavailing. In *Soliz,* the Arizona Supreme Court considered whether Article 2, Section 23, of the Arizona Constitution "is violated when a sentence of thirty years or more is authorized by law for the crimes charged, the case proceeds to verdict with a jury of less than twelve people without objection, and the resulting sentence is less than thirty years." 223 Ariz. at 117, ¶ 1. *Soliz* overruled a line of decisions holding it was "fundamental" (actually "structural") error to submit a case to an eight-person jury if a defendant faced the possibility of receiving a cumulative sentence of thirty years or more, absent an express waiver by the defendant. *See* 223 Ariz. at 118-20, ¶¶ 9-17 & n.4. Instead, our supreme court clarified that, by proceeding to trial with a jury of less than twelve jurors, the State has effectively waived its ability to obtain a sentence of thirty years or more. *Id.* at 120, ¶ 16. Additionally, by proceeding with a jury of less than twelve, the trial court is barred from imposing a sentence of thirty years or more, and a defendant's state constitutional right to a twelve-person jury is not violated "as long as a lesser sentence may legally be imposed for the crime[s] alleged." *Id.*

**¶12**         Here, substantial evidence supported the jury's verdicts, the State waived any right to seek a sentence of thirty or more years, and Appellant was, in fact, placed on supervised probation for thirty-six months. "As a result, no error occurred in this case." *Id.* at ¶ 18.

**CONCLUSION**

¶13        Appellant's convictions and probation are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA