NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER JASON RICHARDSON, *Appellant.*

No. 1 CA-CR 22-0321
FILED 9-12-2023

Appeal from the Superior Court in Maricopa County
No. CR2020-143958-001
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

―――――――――――

**MEMORANDUM DECISION**

―――――――――――

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

―――――――――――

**W E I N Z W E I G**, Judge:

**¶1** Christopher Richardson appeals his convictions and sentences for aggravated assault and leaving the scene of an accident. Because he shows no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Richardson struck a pedestrian while driving and fled the scene. He was later arrested and charged with two felony counts of aggravated assault and leaving the scene of an accident. Richardson faced a maximum sentence of 15 years on Count 1, *see* A.R.S. § 13–704(A) (class 3 dangerous felony), and an aggravated term of 2.5 years on Count 2, *see* A.R.S. § 13–702(D) (class 5 felony).

**¶3** For this criminal trial, the superior court seated eight jurors and two alternates—ten jurors total. The court excused one juror during the trial. Richardson argued self-defense. The jury convicted Richardson on both counts and found two aggravating factors. Richardson was sentenced to concurrent prison sentences of 5 years for aggravated assault, and 1.5 years for leaving the scene of an accident. Richardson timely appealed. We have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, –4033(A)(1).

## DISCUSSION

**¶4** Richardson argues he was deprived of a 12-person jury, in violation of the Sixth Amendment of the United States Constitution. He did not raise this argument in the trial court, so we review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).

**¶5** We discern none. Arizona law requires a 12-person jury for cases "in which a sentence of death or imprisonment for thirty years or more is authorized by law." Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A). All other cases are tried by 8-person juries. A.R.S. § 21-102(B). Here,

Richardson faced a maximum sentence of 15 years on Count 1, and 2.5 years on Count 2.

**¶6** The Sixth Amendment guarantees that an "accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. As imposed on the states through the Fourteenth Amendment, the Sixth Amendment does not require a 12-person jury panel. *See Williams v. Florida*, 399 U.S. 78, 86 (1970) ("We hold that the 12-man panel is not a necessary ingredient of 'trial by jury,' and that respondent's refusal to impanel more than the six members provided for by Florida law did not violate petitioner's Sixth Amendment rights as applied to the States through the Fourteenth."). The Arizona Supreme Court concluded the same. *See State v. Soliz*, 223 Ariz. 116, 118, ¶¶ 6–7 (2009).

**¶7** We are bound to follow this precedent. *See Pool v. Superior Court*, 139 Ariz. 98, 108 (1984) ("The decisions of the United States Supreme Court are binding with regard to the interpretation of the federal constitution."); *see also State v. Smyers*, 207 Ariz. 314, 318, ¶ 15 n.4 (2004) ("The courts of this state are bound by the decisions of this court and do not have the authority to modify or disregard this court's rulings.").

**¶8** Richardson's reliance on *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), is unpersuasive. That case held only that due process demands a unanimous verdict for criminal trials. *Ramos*, 140 S. Ct. at 1397. Richardson has shown no error.

**CONCLUSION**

**¶9** We affirm.

