NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SHELBY ALAN SCHAFER, *Appellant*.

No. 1 CA-CR 22-0572
FILED 2-1-2024

Appeal from the Superior Court in Yavapai County
No. P1300CR202100859
The Honorable Michael P. McGill, Judge

**AFFIRMED IN PART; REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**W I L L I A M S**, Judge:

**¶1** Defendant Shelby Alan Schafer appeals his convictions and sentences for one count of fraudulent schemes and artifices, one count of trafficking in stolen property, and one count of theft of means of transportation. Schafer's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us there are no meritorious grounds for reversal. Schafer was given an opportunity to file a supplemental brief *in propria persona* but did not do so.

**¶2** After reviewing the record, we requested supplemental briefing under *Penson v. Ohio*, 488 U.S. 75 (1988) on two issues: (1) whether the trial court erred in empaneling a jury of less than twelve persons when Schafer could have been imprisoned for thirty years, and (2) whether the court erred in failing to expressly sentence Defendant on each count for which he was convicted.

**¶3** Having reviewed the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), we affirm Schafer's convictions, including his seven-year term of intensive probation on Count 1. We remand, however, to allow the court to sentence Schafer on Counts 2 and 3.

## FACTUAL AND PROCEDURAL HISTORY

**¶4** Schafer and Kimberly Prince were neighbors. After Prince's home burned in 2020, she moved away but stored on her property several personal items that survived the fire, including an all-terrain vehicle ("ATV"). Another neighbor, the Fairs, kept an eye on Prince's stored property.

**¶5** The Fairs contacted law enforcement when they noticed Prince's ATV was missing. Prince provided law enforcement with a description of the ATV along with copies of the title. Prince also reported that the Fairs sent her a photograph of an ATV (which she believed to be hers) on Schafer's property.

¶6            Months later, Schafer responded to a Facebook Marketplace ad for a different ATV. Schafer asked the seller if he would be willing to accept a trade—the advertised ATV for Schafer's ATV. The seller agreed. After the trade, the seller posted a Facebook Marketplace ad for Schafer's ATV. A potential purchaser asked the seller for the ATV's vehicle identification number ("VIN"). The seller discovered the VIN had been scratched off and reported the ATV stolen. Law enforcement impounded the ATV and confirmed it was Prince's after recovering a portion of the ATV's VIN.

¶7            The State charged Schafer with three felonies: Count 1, fraudulent schemes and artifices, a class 2 felony; Count 2, trafficking in stolen property, a class 3 felony; and Count 3, theft of means of transportation, a class 3 felony. A jury convicted Schafer as charged. The trial court suspended Schafer's sentence (on Count 1), placing him on intensive probation for seven years. Schafer timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8            Our review of the record shows no reversible error regarding the convictions. *Clark*, 196 Ariz. at 541, ¶ 50. Schafer was represented by counsel at all times and was present at all critical stages of the proceedings, with the exception of a portion of the trial on September 22, 2022, for which counsel waived Schafer's presence. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *see also State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The court properly instructed the jury of Schafer's presumption of innocence, the State's burden of proof, and the elements of the charged offenses.

¶9            The jury was comprised of eight jurors with two alternates. *See* A.R.S. § 21-102. Because Schafer potentially faced thirty years' imprisonment for his charges, twelve jurors would have normally been required. *See* A.R.S. § 21-102(A). But the State effectively waived its ability to seek thirty years' imprisonment, and the trial court waived its ability to sentence Schafer to the same, by empaneling only eight jurors. *See State v. Soliz*, 223 Ariz. 116, 120, ¶¶ 16–18 (2009) (holding that a defendant "could not, as a matter of law receive a sentence of thirty years or more . . . once a jury of less than [12] began deliberations.").

¶10            At sentencing, Schafer was given an opportunity to speak, and the trial court stated on the record the evidence and factors it

considered in imposing a term of probation. *See* Ariz. R. Crim. P. 26.9, 26.10. The probation term was within the statutory range for Count 1, but not within the statutory range for Counts 2 and 3. *See* A.R.S. § 13-902(A)(1). Although the court failed to indicate which of Schafer's convictions he was being placed on probation for, only Count 1 allowed for a seven-year term. *See* A.R.S. § 13-902(A)(1)–(2) (probation on a class 2 felony may continue for up to seven years; probation on a class 3 felony may continue for up to five years). Thus, we affirm Schafer's convictions on all three counts, including the seven-year term of probation for Count 1. But because the court failed to impose a sentence (or suspend sentence and impose a term of probation) upon Schafer for either Counts 2 or 3, we remand to allow the court to do so. *See* A.R.S. § 13-701(I).

## CONCLUSION

**¶11** We affirm Schafer's convictions, as well as his term of probation for Count 1. We remand, however, to allow the trial court to impose a sentence (or suspend a sentence and impose a term of probation) for Counts 2 and 3.

**¶12** After this decision's filing, defense counsel must inform Schafer of the outcome of this appeal. On this court's motion, Schafer has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4