IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT ARMENDARIS, *Appellant.*

No. 1 CA-CR 24-0267

FILED 03-13-2025

---

Appeal from the Superior Court in Maricopa County
No. CR2023-006577-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Damon A. Rossi
*Counsel for Appellant*

_____

**OPINION**

Chief Judge David B. Gass delivered the opinion of the court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

_____

**G A S S**, Chief Judge:

¶1        Defendant Robert Armendaris appeals his convictions and sentences for luring a minor for sexual exploitation and attempted sexual conduct with a minor.

¶2        Armendaris's convictions arise out of his online communications with an adult undercover officer who posed as a minor on a website. Under Article II, Section 23 of the Arizona Constitution, Armendaris was entitled to a jury of 8 people because he did not face a sentence of at least 30 years. Even so, Armendaris asked the superior court to empanel a 12-person jury, arguing it was a requirement of the Sixth Amendment of the United States Constitution. The superior court denied the request, which Armendaris claims was error. Armendaris also argues the superior court should have allowed him to elicit testimony about whether the undercover officer committed the crime of computer tampering when she lied about her age.

¶3        Because the superior court did not err, Armendaris's convictions and sentences are affirmed.

**FACTUAL AND PROCEDURAL HISTORY**

¶4        An undercover police officer created an account on an adult website called MocoSpace. The police officer posed as a 16-year-old girl named "Nancy" and used an age-regressed picture of herself for the profile. Because the website's terms of use forbid minors from creating accounts, she listed her age on the website as 18 years old.

¶5        Armendaris began a conversation with "Nancy" on MocoSpace. After exchanging some messages, he asked how old she was. She told him she was 16. They exchanged phone numbers and continued chatting through text messages and MocoSpace. Armendaris asked "Nancy" if she wanted to meet in person, and they made plans to meet.

¶6        The two sent multiple messages asking each other what they wanted to do when they met. At first, Armendaris suggested going to a

restaurant, a movie, or "Nancy's" apartment. She replied, saying a movie was boring and she liked to have fun. He asked if she meant "kissing, hugging, that kind of fun." She responded with a smiley face and he asked if having sex was the kind of fun she was talking about. When she responded with a smiley face and hearts, he replied: "Is that what you want? I'm okay with that." She replied she did not want to be "16 and pregnant." He then asked if he should bring condoms.

¶7        They agreed to meet at "Nancy's" apartment. When Armendaris arrived at the apartment complex, the police arrested him and searched his vehicle. They found no condoms, but they did find a cell phone Armendaris used to communicate with "Nancy."

¶8        The officer who posed as "Nancy" interrogated Armendaris at the police station. Armendaris said he did not believe "Nancy" was 16 years old because Internet users often are not truthful. He also claimed he would have left if she had been 16.

¶9        The State indicted Armendaris for luring a minor for sexual exploitation, a class 3 felony, and attempted sexual conduct with a minor, a class 1 misdemeanor. Armendaris moved for a 12-person jury, which the superior court denied following oral argument.

¶10        The superior court seated an 8-person jury for Armendaris's 2-day trial. During the trial, defense counsel questioned the undercover officer about how impersonating "Nancy" violated the MocoSpace terms of use. But the superior court precluded him from asking about whether the officer's conduct amounted to the crime of computer tampering, reasoning it did not "appl[y] to the facts . . . ."

¶11        The jury convicted Armendaris on both counts. The superior court suspended his sentence and imposed a term of lifetime supervised probation for the class 3 felony and a 2-month jail term for the class 1 misdemeanor. The superior court also required Armendaris to register as a sex offender.

¶12        The court has jurisdiction over Armendaris's timely appeal under Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21.A, 13-4031, and -4033.A.1.

## DISCUSSION

### I. Armendaris was not entitled to a 12-person jury.

¶13 Armendaris argues the Sixth Amendment of the United States Constitution required the superior court to try him to a 12-person (not 8-person) jury. The court reviews "constitutional issues and purely legal issues de novo." *State v. Moody*, 208 Ariz. 424, 445 ¶ 62 (2004). Because Armendaris raised this issue before the superior court, the court conducts a harmless error review in which the State bears the burden "to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Strong*, ___ Ariz. ___, ___ ¶ 45, 555 P.3d 537, 553 (Ariz. 2024) (quoting *State v. Henderson*, 210 Ariz. 561, 567 ¶ 18 (2005)).

¶14 Armendaris is not the first defendant to raise this issue. In the past four years, four other defendants have made similar arguments. The court rejected those arguments in unpublished memorandum decisions. The Arizona Supreme Court declined to accept review in all four, and the United States Supreme Court denied certiorari in one.[1]

¶15 The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. The Sixth Amendment applies to the states through the Fourteenth Amendment. *See Williams v. Florida*, 399 U.S. 78, 86 (1970). More than 50 years ago, the United States Supreme Court ruled the Sixth Amendment does not require a 12-person jury. *Id.* ("hold[ing] that the 12-man panel is not a necessary ingredient of 'trial by jury'"). Two years later, Arizona voters amended the Arizona Constitution to permit fewer than 12 jurors in criminal cases when the maximum permitted sentence is less than 30 years. Ariz. Const. art. II, § 23 (amended 1972); *see State v. Soliz*, 223 Ariz. 116, 118 ¶ 6 (2009).

¶16 Since then, the Arizona Supreme Court discussed *Williams* and said the Arizona legislature "reserved the 12-person jury only for the

---

[1] *State v. Jose*, 2 CA-CR 2023-0224, 2024 WL 2118759, at *3–4 (Ariz. App. May 10, 2024) (mem. decision) (review denied Dec. 13, 2024); *State v. Zamanzadeh*, 1 CA-CR 23-0080, 2024 WL 380014, at *1 (Ariz. App. Feb. 1, 2024) (mem. decision) (review denied Aug. 19, 2024); *State v. Richardson*, 1 CA-CR 22-0321, 2023 WL 5934909, at *1 (Ariz. App. Sept. 12, 2023) (mem. decision) (review denied June 3, 2024); *State v. Khorrami*, 1 CA-CR 20-0088, 2021 WL 3197499, at *8 (Ariz. App. July 29, 2021) (mem. decision) (review denied Feb. 8, 2022), *cert. denied*, *Khorrami v. Arizona*, 143 S. Ct. 22 (2022).

most serious offenses," as measured "by the potential sentence upon conviction." *Soliz*, 223 Ariz. at 118 ¶ 7 (discussing A.R.S. § 21-102). Section 21-102 requires a 12-person jury in criminal cases "in which a sentence of death or imprisonment for thirty years or more is authorized by law" and an 8-person jury in "any other criminal case." A.R.S. § 21-102.A, -.B. The Arizona Supreme Court concluded Arizona's jury laws passed Sixth-Amendment muster under *Williams*. *See Soliz*, 223 Ariz. at 118 ¶¶ 6 –7.

¶17　　　Despite this 50-plus-year history of express precedent, Armendaris argues the United States Supreme Court "effectively overruled" *Williams* in *Ramos v. Louisiana*, 590 U.S. 83 (2020). But *Ramos* did not address jury size. Instead, *Ramos* ruled the Sixth Amendment required unanimous jury verdicts in criminal cases. 590 U.S. at 93. Though nothing in *Ramos* suggests the United States Supreme Court was abrogating the *Williams* holding regarding a 12-person jury, Armendaris argues *Ramos* abrogated the reasoning underlying *Williams* such that it is no longer controlling precedent.

¶18　　　Armendaris then argues, under *Ramos*, the court should look "at what the phrase *trial by an impartial jury*" meant at the time of the Sixth Amendment's adoption. Based on sources explaining the understanding of "impartial jury" in English common law and even post-ratification of the Sixth Amendment by the United States of America, he argues the phrase "meant [12] jurors" at the time of ratification. *See* Robert H. Miller, *Six of One Is Not A Dozen of the Other: A Reexamination of* Williams v. Florida *and the Size of State Criminal Juries*, 146 U. Pa. L. Rev. 621, 643 (1998); *see also* James B. Thayer, *The Jury and Its Development*, 5 Harv. L. Rev. 295, 297 (1892).

¶19　　　But even if the Arizona Supreme Court or United States Supreme Court ultimately agrees with Armendaris' position, this court is bound by the holdings in *Williams* and *Soliz*. Arizona courts must follow United States Supreme Court precedent "with regard to the interpretation of the federal constitution." *See Pool v. Superior Ct.*, 139 Ariz. 98, 108 (1984); *see also Agostini v. Felton*, 521 U.S. 203, 207 (1997) (saying courts should not conclude the United States Supreme Court has overruled its earlier precedent by implication, "[r]ather, lower courts should follow the case which directly controls"). *Williams* still holds today. *See Khorrami v. Arizona*, 143 S. Ct. 22, 23 (Gorsuch, J., dissenting from denial of certiorari) ("Regrettably, the Court today declines to take up" reconsidering *Williams*). And this court is bound by the decisions of the Arizona Supreme Court. *See State v. Smyers*, 207 Ariz. 314, 318 ¶ 15 n.4 (2004); *see also Soliz*, 223 Ariz. at 118 ¶¶ 6–7 (recognizing the holding in *Williams*).

¶20 At bottom, Armendaris faced no more than 8.75 years in prison for count 1 and no more than 6 months in jail for count 2. *See* A.R.S. §§ 13-702, -707, -1405.B, -3554.C. Because the maximum possible sentence was less than 30 years, he was not entitled to a 12-person jury. *See* Ariz. Const. art. II, § 23; A.R.S. § 21-102; *Soliz*, 223 Ariz. at 118 ¶¶ 6–7. Based on controlling precedent, Armendaris has not established error.

## II. The superior court did not err when it precluded questioning about the crime of computer tampering.

¶21 Armendaris argues the superior court erred when it precluded his testimony about whether the officer's conduct amounted to the crime of computer tampering. He argues precluding that line of questioning prevented him from presenting a complete defense because "he sought to show that persons such as [Armendaris] would plausibly not expect a minor on MocoSpace because obtaining a user profile would perhaps be illegal."

¶22 The court reviews the superior court's evidentiary rulings for an abuse of discretion. *State v. Blakley*, 204 Ariz. 429, 437 ¶ 34 (2003). Because Armendaris raised this issue before the superior court, the court conducts a harmless error review. *See Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553.

¶23 Armendaris elicited testimony from the officer conceding she violated MocoSpace's terms of use by lying about her age and impersonating another person when she created a false profile. The officer further admitted she agreed under the terms not to promote false or misleading information, and if an underage "Nancy" pretended to be 18 years old on MocoSpace, she would be "committing a crime in Arizona."

¶24 With the above evidence admitted, the superior court did not err when it precluded Armendaris from questioning the officer about the specific crime of computer tampering. Armendaris does not establish how the crime would have applied to the officer's acts. And even if it would have, the superior court "could have precluded [the testimony] on the ground that [it] was so marginally relevant and cumulative of stronger testimony that its probative value was substantially outweighed by considerations of delay and confusion." *State v. Wargo*, 145 Ariz. 589, 589 –90 (App. 1985); *see also* Ariz. R. Evid. 403. Armendaris has shown no error.

## CONCLUSION

¶25        Armendaris's convictions and sentences are affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR