NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANTONIO JOSE BARAJAS, *Appellant*.

No. 1 CA-CR 21-0229
FILED 4-28-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201980693
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Kenneth Countryman Attorney at Law, Tempe
By Kenneth Countryman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which
Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

**G A S S**, Vice Chief Judge:

¶1          Antonio Jose Barajas filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Barajas's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel, therefore, asks this court to review the record for fundamental error. Barajas declined to file a supplemental brief *in propria persona*. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Barajas. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3          A witness was watching her kids play when Barajas walked up. Barajas remained in the witness's driveway after the witness asked Barajas to leave. The witness called the police, who dispatched two officers. The two officers arrived 30 minutes later in patrol vehicles with their lights engaged. The officers walked up to Barajas and believed he showed signs of inebriation.

¶4          The officers then attempted to put Barajas's hands behind his back, causing Barajas to drop his bible. The officers told Barajas to stop resisting. Barajas ended up rolling on the ground and kicked an officer in the process. Barajas stood up while the officers were attempting to hold him to the ground and effect the arrest. During this struggle, one Officer skinned her knees and cut her palm. At this point, the officers attempted to gain control by striking Barajas. Barajas landed a strike in return. The officers' strikes did not deter Barajas.

¶5          As the scuffle subsided, Barajas began walking in the direction of the victims. At this point, one of the officers was able to grab Barajas and force him to the ground. After Barajas again failed to follow instructions to stop resisting, one officer tased Barajas as the other cuffed one hand. The officer then tased Barajas a second time, allowing the other officer to cuff Barajas's other hand. Fearing further resistance, one of the two officers—with the assistance of yet a third officer—tied Barajas's hands to his ankles with a hobble restraint.

¶6          The State charged Barajas with three felonies: two counts of aggravated assault of an officer and one count of resisting arrest. The State also charged Barajas with four misdemeanors: two counts of disorderly conduct, one count of assault, and one count of criminal trespass. *See* A.R.S. §§ 13-1204.A.8(a); 13-2508.A; 13-2904.A.1; 13-1203.A; 13-1502.A.1. The State

*sua sponte* dismissed with prejudice the misdemeanor assault charge after it learned Barajas did not push one of the witnesses.

¶7            The parties proceeded with a jury trial on the felony charges but agreed to try the misdemeanors to the court. Barajas's jury consisted of eight jurors and two alternates. The State and Barajas passed on the final panel. Following the three-day trial, the jury returned guilty verdicts for one count of aggravated assault and one count of resisting arrest but remained deadlocked on the second count of aggravated assault. Because of the deadlock, the superior court declared a mistrial on the second count of aggravated assault.

¶8            Following a bench trial, the court found Barajas guilty of one count of criminal trespass but not guilty of the disorderly conduct charges.

¶9            At sentencing, Barajas admitted to his prior convictions. Barajas also claimed, without any evidence, one of the jurors was a former employer with whom he had a falling out. The court sentenced Barajas to eight years' imprisonment for aggravated assault, three years' imprisonment for resisting arrest, and 30-days' jail time for criminal trespass, all to run concurrently. The superior court credited Barajas for the 30 days he served presentence in Yavapai County Jail.

¶10          Barajas timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## ANALYSIS

¶11          This court has read and considered counsel's brief and fully reviewed the record, finding no reversible error. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

¶12          The court conducted proceedings in compliance with Arizona Rules of Criminal Procedure. The record shows Barajas was present for and represented by counsel at all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was comprised of eight jurors and two alternates. *See* A.R.S. § 21-102. Here, Barajas faced a potential 33.75 years for his charges, normally requiring 12 jurors. *See* A.R.S. § 21-102.A. But the State and the superior court effectively waived their ability to sentence him beyond 30 years by only empaneling eight jurors. *See State v. Soliz*, 223 Ariz. 116, 120, ¶¶ 16–18 (2009). Further, the juror number issue was of no consequence because the court sentenced Barajas to eight years' imprisonment. *See id.* at 117, 120,

¶¶ 4, 18. The record also shows no evidence of jury misconduct. Lastly, the record does not support Barajas's comment regarding a juror, and none of the jurors indicated they had known Barajas before the trial.

¶13        The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Barajas's presumed innocence. Barajas also had the opportunity to speak at sentencing, and the sentences imposed are within statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 28-1383.D; 13-902.B.2; 13-702.D.

## CONCLUSION

¶14        We affirm.

¶15        Defense counsel's obligations pertaining to Barajas's representation in this appeal have ended. Defense counsel need only inform Barajas of the outcome of this appeal and his future options unless counsel finds an issue appropriate for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

¶16        Barajas has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Barajas 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.